UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEAN-ROBERT CADET                           CASE NO.  C-1-01-131

    Plaintiff                                         (Judge Herman J. Weber)

vs

MADEIRA CITY SCHOOL DISTRICT         **DEFENDANTS' MEMORANDUM IN**
BOARD OF EDUCATION                        **OPPOSITION TO PLAINTIFF'S**
                                                                               **MOTION IN *LIMINE* TO EXCLUDE**
MICHELE W. HUMMEL                         **CERTAIN EVIDENCE**

CHRIS J. MATE

PAUL W. IMHOFF

    Defendants

    In response to plaintiff's motion in *limine* to exclude certain evidence, defendants hereby submit this memorandum in opposition. In examining plaintiff's motion in *limine*, it appears that he is arguing that defendants be barred from referring in any way to plaintiff's previous EEOC/OCRC charges, introducing into evidence the EEOC/OCRC investigative files pertaining to those charges, and introducing into evidence any stray remarks that are irrelevant to the issues in this case but are introduced for the purpose of attacking plaintiff's character. The defendants wish to take these points in the order that they are presented by

plaintiff.

### A.  Plaintiff's Previous EEOC/OCRC Charges Might Be Relevant Depending Upon Plaintiff's Testimony

The defendants will concede that they do not have any intention of introducing in their case in chief any evidence of plaintiff's previous claims of discrimination resulting in charges filed with the EEOC or OCRC. However, depending upon plaintiff's testimony during his case in chief, it is possible that he may open the door to the introduction of such evidence, concerning his previous EEOC/OCRC charges against former employers or prospective employers. Accordingly, this motion in *limine* is premature.

### B.  Material From The EEOC File Is Admissible In This Matter

Plaintiff is correct that appellate courts have generally upheld the exclusion of EEOC investigatory files because they represent a "mish-mash of self-serving and hearsay statements and record". Waller v. Thames, 852 F.2d 569 (1988). However, in this case, the evidence that the defendants have proposed as a trial exhibit consists of written questions to plaintiff with the plaintiff's written answers. This is not a complete investigatory file of the EEOC nor does it contain self-serving and hearsay statements. It consists of plaintiff's own responses to written questions and, as such, would be admissible as admissions by a party. Indeed,

as the plaintiff concedes on Page 5 of his motion, the Court may determine on a case by case basis which, if any, of the EEOC investigatory file documents should be admitted at trial. In this case, the document submittted by defendants, at Proposed Exhibit No. 28, is admissible.

### C. The Term "Stray Remarks" Is Too Vague For A Ruling At This Time

Plaintiff also asks that stray remarks that reflect negatively on plaintiff's character be ruled inadmissible. The comments referred to on Page 6 of plaintiff's motion in *limine* are an example of some stray remarks that were uncovered during discovery but are not examples of evidence that defendants expect to introduce at trial. The concern of plaintiff about "stray remarks that reflect negatively" is unclear as to what evidence is specifically referred to. Certainly, remarks by plaintiff that are relayed by witnesses would constitute admissible evidence and defendants suggest that the proper way to address the admissibility of such comments would be at the time they are made in trial. The Court is certainly free to give a limiting instruction to the jury about the impact of such evidence that is subsequently ruled inadmissible by the Court. This is no different than any other trial in which statements by the parties are put into evidence.

                                                           /s/ R. Gary Winters
                                                           R. Gary Winters  0018680
                                                           Bernard W. Wharton  0063487

Attorneys for Defendants
McCASLIN, IMBUS & McCASLIN
Suite 900 Provident Bank Building
632 Vine Street
Cincinnati, OH  45202-2442
(513)  421-4646

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September, 2003, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/ R. Gary Winters
R. Gary Winters   0018680
Bernard W. Wharton 0063487
Attorneys for Defendants, Madeira City School District Board of Education, Michele W. Hummel, Chris J. Mate, Paul W. Imhoff
Suite 900 Provident Building
632 Vine Street
Cincinnati, OH 45202-2442
(513) 421-4646 (phone)
(513) 421-7929 (fax)
rgarywinters@zoomtown.com
bwharton@zoomtown.com