IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEAN-ROBERT CADET, | : | Case No. C-1-01-131 |
| | | Magistrate Judge Hogan |
| Plaintiff, | : | |
| vs. | : | |
| | : | PLAINTIFF'S MEMORANDUM IN |
| MADEIRA CITY SCHOOL DISTRICT, | | OPPOSITION TO DEFENDANTS' |
| et al., | : | MOTION *IN LIMINE* |
| Defendants. | : | |

## MOTION

Defendants Madeira City School District Board of Education, Michele W. Hummel, Chris J. Mate and Paul W. Imhoff filed on September 16, 2003, a motion to exclude from evidence testimony or exhibits concerning allegations of harassment of non-parties and communications from parents concerning Plaintiff's resignation. For the following reasons, Defendants' motion should be denied.

Contrary to Defendants' contentions, evidence of racial harassment suffered by non-parties, such as student Caldwell Wright, is relevant to the issue of whether Plaintiff was subject to unwelcome harassment. Such evidence is indicative not only of the general racial intolerance prevalent at Madeira Junior-Senior High School during the time that Plaintiff taught and Caldwell Wright attended school there but demonstrates as well the routine practice employed by school administrators in dealing with racial harassment. Fed. R. Evid. 406 states that "[e]vidence of . . . the routine practice of an organization . . . is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."

The court in Miller v. Poretsky, 595 F.2d 780, 790-91 (D.C. Cir. 1978), also recognized specifically that acts of discrimination against non-parties may be admissible to show a pattern of discrimination. Likewise, the court in Minority Employees at NASA v. Beggs, 723 F.2d 958, 962 (D.C. Cir. 1983), found that comparative information about an employer's treatment of minorities is relevant evidence in an individual's discrimination claim against that employer.

The testimony of Caldwell Wright is particularly relevant in this case because of the circumstances under which he related the incidences of racial harassment he experienced while a student at Madeira and the administration's response to those reports. After Plaintiff's resignation, Defendant Mate summoned Mr. Wright to question him with regard to Plaintiff's claims that students were likewise being racially harassed by other students. Mr. Wright's testimony about his reports to the administration of incidences of racial harassment and the administration's refusal to take appropriate action is relevant as comparative information about Madeira's treatment of another minority individual and because it shows that Mssrs. Mate and Imhoff's response to Plaintiff's reports of racial harassment was in conformity with their routine practice. See Minority Employees at NASA, 723 F.2d at 962. Thus, the administration's response to the reports by Mr. Wright (a non-party) of racial harassment is admissible to show the pattern of discrimination engaged in by Defendants. See Miller, 595 F.2d at 790-91.

In addition, Mr. Wright's testimony also bears upon Defendant Mate's honesty and credibility. Mr. Mate in his deposition attributed certain statements to Mr. Wright that were allegedly made during the interview described above. Mr. Wright vehemently denies making the comments that Defendant Mate attributed to him.

With regard to communications by "various parents who were concerned about plaintiff's resignation," the probative value of such evidence is not outweighed by any danger of unfair prejudice and is clearly relevant to the issues presented by Plaintiff's claims. Defendants claim that they received a multitude of complaints about Plaintiff and that he had "issues" with regard to his teaching abilities. Defendants will likely attempt to portray Plaintiff as an inferior teacher disliked by all. Testimony by parents who were concerned about his resignation is relevant for several reasons. If Defendants are permitted to introduce evidence of the alleged complaints they received about Plaintiff, Plaintiff must be permitted to rebut that evidence with communications from parents or students who were pleased with his performance and who genuinely liked him. In addition, many of those parents expressed concern about racial intolerance in Madeira and the school district's perceived attempts to avoid addressing that issue. Furthermore, given the fact that none of the parents were deposed in this case, Defendants likely have no knowledge as to the source of those parents' information and whether that information is relevant to Plaintiff's claims or Defendants' affirmative defenses. For the foregoing reasons, Defendants' Motion *in Limine* should be denied.

Respectfully submitted,

**  s/W. Kelly Lundrigan  **

|  |  |
|---|---|
| W. Kelly Lundrigan | (0059211) |
| Rhonda S. Frey | (0067343) |

MANLEY BURKE
225 West Court Street
Cincinnati, Ohio 45202
(513) 721-5525
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum in Opposition to Defendants' Motion *in Limine* is being sent via electronic notification, on the 22nd day of September, 2003, to all parties entitled to service under Rule 5 of the Federal Rules of Civil Procedure.

   s/W. Kelly Lundrigan
W. Kelly Lundrigan

**SERVICE LIST:**

R. Gary Winters
Bernard W. Wharton
McCaslin, Imbus & McCaslin
632 Vine Street, Suite 900
Cincinnati, Ohio   45202-2442

n:\Clients\Cadet\Trial\Motion in limine.RSF