UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEAN-ROBERT CADET,                                                CASE NO. C-1-01-131
    PLAINTIFF                                                         (HOGAN, M.J.)

VS.

MADEIRA CITY SCHOOL DISTRICT
ET AL.,
    DEFENDANTS

## ORDER

Before the Court are Plaintiff's Motion in Limine (Doc. 51), Defendants' Memorandum in Opposition (Doc. 57), Defendants' Motion in Limine (Doc. 56) and Plaintiff's Memorandum in Opposition (Doc. 58). For the reasons which follow, Plaintiff's Motion is granted in part and denied in part and that Defendants' Motion is granted in part and denied in part.

## BACKGROUND INFORMATION

It is alleged that Plaintiff is an African-American of Haitian descent and a former teacher of French and history at Madeira Junior/Senior High School. Plaintiff began his tenure at Madeira in September, 1996 and left his employment on February 25, 2000. Defendants, in addition to the Madeira City School District, are Chris Mate, the Principal of Madeira Junior/Senior High School; Paul Imhoff, Assistant Principal; and Michele Hummel, Superintendent of Madeira City Schools. Plaintiff's claims are for constructive discharge based on a hostile environment, disparate treatment based on race and national origin, retaliation, intentional infliction of emotional distress, and for violation of his Constitutional rights to free speech, equal protection and due process.

Defendants' Motion for Summary Judgment was addressed by Judge Weber prior to the time when consent forms were signed. Judge Weber's Order (Doc.42) granted Summary Judgment to all Defendants on Plaintiff's Section 1985(3) claims, on Plaintiff's Section 1983

First Amendment and due process claims, and Plaintiff's punitive damages claim against the Board "except insofar as Plaintiff asserts claims under those statutory provisions for disparate treatment and violation of his equal protection rights based on the denial of compensation for teaching an additional class." Judge Weber denied Defendants' Motion on Plaintiff's claims of race discrimination, disparate treatment and retaliation and Plaintiff's claims brought under state law.

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff previously filed charges with the Equal Employment Opportunity Commission (EEOC) and the Ohio Civil Rights Commission (ORC). Defendants seek to exclude from the evidence base "any mention" by any Defendant of discrimination charges previously filed with either commission and "the investigative files" of either commission and "stray remarks intended to impugn Plaintiff's character" and evidence that Plaintiff filed previous discrimination charges with the EEOC. Plaintiff bases his argument on Evidence Rules 401, 402, 403, 608 and 803.

Defendant's Memorandum in Opposition concedes the impropriety of offering evidence of previous charges of discrimination against persons or entities other than the present Defendants. However, Defendants ask the Court to be vigilant during the trial of this case to see if Plaintiff opens the door to the production of such information.

The Court will permit Plaintiff to testify that he filed an administrative complaint in this case as a preliminary step to litigation. However, the Court will not permit Plaintiff to comment on the processing of that complaint or the decision reached by the agency. Likewise, Defendants will not be permitted to introduce evidence that Plaintiff may have filed other administrative complaints against other entities at other times. However, should Plaintiff attempt to use the excluded information for his own benefit, the Court may well allow cross-examination on the subject. Affidavits or statements of witnesses who may have testified before either agency may be used to cross-examine those witnesses should they testify at trial; otherwise, agency files and investigative materials contained in those files will not be permitted in evidence.

The Court and the parties agree that agency investigatory files should be excluded, but this does not mean that every item in such a file can not have an independent relevance. If Plaintiff gave a statement to an EEOC investigator, as Defendant suspects, or otherwise responded to written questions, of course his answers are subject to impeachment and can be

used by Defendants, not because the statement is contained in an investigatory file, but because it may be a statement against interest by a party.

The "stray" remarks that Plaintiff is attempting to preclude are: a statement by Jim LaBarbara (The Music Professor?) to Defendant Hummel about an incident involving Plaintiff at a video store. If LaBarbara were called to give this testimony, it would be irrelevant. If Hummel attempted to testify, the statement would be excluded on the basis of hearsay. The second "stray" remark is a statement from Bob Pattison to Defendant Hummel. The ruling would be the same as the previous one. Defendant Mate apparently made some mention of Plaintiff's suit against a truck dealer. This information cannot be relevant. Another "stray" remark is in the form of a letter from Piyush Swami. This information is also irrelevant even if testified to by Swami. Another is Rick Tanner's report to Defendant Hummel that Plaintiff lacks credibility. The jury will determine Plaintiff's credibility; Mr. Tanner's view is irrelevant. Lastly, Lee Searcy apparently told Defendant Hummel about Plaintiff's "other troubles." Again, the only troubles the jury will hear with reference to Plaintiff are the troubles created for him by the Defendants and/or the troubles Plaintiff caused while employed at Madeira City Schools.

On the other hand, the Court does preclude any witness testifying about what Plaintiff said as long as it is relevant to the issues in this case and reasonably related in time.

Defendants have also resorted to the vehicle of the Motion in Limine to exclude certain proposed evidence harmful to their position in the case. The first is comments by non-parties, apparently students, who claim to the recipients of discriminatory comments by other students. Plaintiff considers these comments to be irrelevant. The Court does not necessarily agree. Although discriminatory comments made to others and not witnessed by Plaintiff are irrelevant in terms of their influence upon a hostile environment in which Plaintiff may have found himself, the Court does not agree that discriminatory comments directed to others, but witnessed by Plaintiff, do not impact Plaintiff's environment. In order for this evidence to have any impact, Plaintiff would have to show that these comments, assuming they were witnessed by Plaintiff and therefore had an impact upon his working environment, were communicated to Plaintiff's superiors and that those superiors took little or no corrective action or Plaintiff would have to show that those comments, not witnessed by Plaintiff, elicited an arguably insufficient response from the Defendants and were made relevant by Defendants' motive.

Plaintiff asserts that Cardell Wright, a former student at Madeira, should be

permitted to testify about discriminatory statements and/or actions directed to him because that testimony shows that the school administration's response to his complaints was in conformity with the response given to Plaintiff's complaints. Plaintiff cites *Minority Employees at NASA v. Beggs*, 723 F.2d 958 (District of Columbia Circuit, 1963) as authority for his position. In the cited case, a magistrate judge limited discovery to those documents "relevant to the claim of the individual claimant." The Circuit reversed because the magistrate judge's order prevented the individual plaintiffs in this class action litigation from using statistical and other comparative evidence to prove that defendants' nondiscriminatory reason for the adverse job action suffered by the plaintiffs was pretextual. The holding, in other words, was on the issue of relevance in the context of discovery procedures; the holding did not deal with admissibility of that evidence at trial. Nevertheless, the Circuit commented that "statistical evidence concerning an employer's general policy and practice with reference to minority employment can be used to prove pretext" and "This court has held that statistical evidence may establish a prima facie case of employment discrimination in an individual case."

      The better case cited by Plaintiff is *Miller v. Poretsky*, 595 F.2d 780 (District of Columbia Circuit, 1978). The plaintiff in *Miller* was a tenant who brought a race discrimination case against his landlord and during the course of trial, attempted to elicit evidence of discriminatory acts by the landlord against other tenants. The trial judge, who refused to admit such evidence pursuant to Evidence Rule 403, was reversed on appeal. The reasons supporting the reversal were that the court had previously admitted testimony from African-American tenants that they were not the victims of discrimination and the court had indicated during a recorded pretrial conference that he would admit such collateral testimony. The Circuit's opinion was that the evidence, inadmissible under Evidence Rule 404(a) to show that defendant acted in conformity with previously demonstrated racial animus, could be and should have been admitted under Evidence Rule 404(b) to show proof of motive. The Circuit also held that the required Evidence Rule 403 analysis would have indicated that the probative value of such evidence would not be outweighed by unfair prejudice, confusion of the issues, etc.

      It is therefore likely that Mr. Wright's testimony about discriminatory behavior directed to him and about which he reported, directly or indirectly, to any of the Defendants would be admissible under Evidence Rule 404(b) and 403 analysis.

      Defendant is also attempting to exclude evidence, apparently in letter form, from parents

concerned about the reason Plaintiff resigned his position. The Court would think these letters, if put into evidence by the recipient, would be inadmissible hearsay. On the other hand, if a parent who had personal contact with Plaintiff, is called to testify about that contact, either favorably or unfavorably, the Court would not exclude such evidence.

**IT IS THEREFORE ORDERED THAT**: Plaintiff's Motion in Limine be granted in part and denied in part and that Defendants' Motion in Limine be granted in part and denied in part in accordance with this opinion.

September 30, 2003                                     s/Timothy S. Hogan
                                                       Timothy S. Hogan
                                                       United States Magistrate Judge