UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEAN-ROBERT CADET                        CASE NO.  C-1-01-131

      Plaintiff                         (Magistrate Judge Timothy Hogan)

vs                                       **DEFENDANTS' PROPOSED JURY**
                                         **INSTRUCTIONS**

MADEIRA CITY SCHOOL DISTRICT
BOARD OF EDUCATION

MICHELE W.  HUMMEL

CHRIS J.  MATE

PAUL W.  IMHOFF

      Defendants


     Pursuant to Rules 49 and 51 of Federal Rules of Civil Procedure,

defendants Madeira City School District Board of Education, Chris J. Mate and Paul

W. Imhoff, submit their proposed jury instructions.   Defendants reserve the right to

submit additional proposed jury instructions as warranted by the evidence,

permitted by the Court and these rules of civil procedure.


                          /s/ R. Gary Winters
                          R.  Gary Winters  0018680
                          Bernard W.  Wharton  0063487
                          Attorneys for Defendants
                          McCASLIN, IMBUS & McCASLIN
                          Suite 900 Provident Bank Building
                          632 Vine Street
                          Cincinnati, OH  45202-2442

(513) 421-4646

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1**

CLAIMS OF THE PARTIES

Plaintiff alleges that the actions of defendants Madeira City School District Board of Education, ("Board"), Chris J. Mate ("Mate") and Paul W. Imhoff ("Imhoff") violated ORC Chapter 4112, 42 U.S.C. §1983, and 42 U.S.C. §1981. Defendants deny these claims. Both the state and federal statutes prohibit a government employer from discriminating against or harassing an employee on the basis of his race and retaliating against that employee if he complains about discriminatory conduct. The elements of racial harassment, racial discrimination and retaliation are described later in this charge.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2.**

42 U.S.C. §1983
42 U.S.C. §1981

Plaintiff has filed this lawsuit against the Board and two school administrators, Mate and Imhoff. 42 U.S.C. §1983 provides a federal cause of action for the vindication of constitutional guarantees found elsewhere. Here plaintiff claims an abridgement of his Fourteenth Amendment right to equal protection of the law. Thus, in order for plaintiff to succeed on his §1983 claim, he must first prove that the defendants deprived him of equal protection of the laws by discriminating against him on the basis of his race.

42 U.S.C. §1981 prohibits state actors, such as boards of education, principals and assistant principals, from discriminating against persons on the basis of race in the making and enforcing of contracts. Plaintiff alleges that the Board, Mate and Imhoff discriminated against him in the making and enforcing of contracts by refusing to provide him with additional pay for teaching the Quest class.

Braley v. City of Pontiac, 906 F.2d 220 (6th Cir. 1990); Adickes v. Kress, 398 U.S. 144 (1970); Searcy v. City of Dayton, 38 F.3d 282 (6th Cir. 1994); Siegert v. Gilley, 500

U.S. 226 (1991); <u>Silver v. Franklin Township Board of Zoning Appeals</u>, 966 F.2d 1031 (6th Cir. 1992).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3.**

BOARD LIABILITY UNDER 42 U.S.C. §1983 and 42 U.S.C. §1981

Individual liability under the federal statutes, 42 U.S.C. §1983 and 42 U.S.C. §1981, is different than the Board liability under the state statutes. For the Board to be liable under §1983 or §1981, plaintiff must show that the Board is responsible for that violation. Plaintiff must show that the Board itself was the wrongdoer. The Board cannot become liable under §1983 unless plaintiff can establish that an officially executed policy, or the toleration of a custom within the Madeira School District led to, caused, or resulted in racial harassment, racial discrimination or retaliation. A custom must be so permanent and well settled as to constitute a custom or usage with the force of law. An official policy is one adopted by someone with final authority to establish municipal policy with respect to the action ordered. In the case of a school district, only the board of education holds such authority. Thus, the Board is not liable to plaintiff under §1983 or §1981 unless he can prove the existence of unconstitutional actions by the Board itself. Plaintiff must prove that at least three members of the five member board acted unconstitutionally towards him.

Monell v. Department of SocialServices, 436 U.S. 658, 691, (1978); Doe v. Claiborne, 103 F.3d 495, 505-509 (6th Cir. 1996); City of St. Louis v. Praprotnik, 485 U.S. 112 (1988); Pembauer v. Cincinnati, 475 U.S. 469 (1986); Justus v. Brown, 42 Ohio St.2d 53, 325 N.E.2d 884 (1975); Hull v. Cuyahoga Valley Joint Vocational School District Board of Education, 926 F.2d 505 (6th Cir. 1991); Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989); Evans v. City of Houston, 246 F.3d

344 (5th Cir. 2001); <u>General Building Contractors Assoc., Inc. v. Pennsylvania</u>, 458 U.S. 375 (1982).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4.**

INDIVIDUAL LIABILITY UNDER 42 U.S.C. §1983 AND 42 U.S.C. §1981

For individual state actors such as Mate and Imhoff to be liable, plaintiff must show that each engaged in active unconstitutional behavior. That is, plaintiff must show that Mate or Imhoff participated, encouraged, authorized or acquiesed in racial harassment, racial discrimination or retaliation. An allegation that an individual school administrator failed to act or is negligent is not enough to impose §1983 or §1981 liability on the individual. Plaintiff must establish by a preponderance of the evidence that the individual committed a constitutional violation or violated a clearly established right of plaintiff. Simply alleging that the individuals should have done more does not establish liability under either federal statute.

Doe v. City of Roseville, 296 F.3d 431 (6th Cir. 2002).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5.**

ELEMENTS OF A RACIAL HARASSMENT CLAIM

42 U.S.C. §§ 1981 and 1983 and O.R.C. §4112.02 forbid a government employer from engaging in actions that discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race.

In order to establish a racial harassment claim a plaintiff must prove by a preponderance of the evidence, that (1) he is a member of a protected class; (2) he was subject to unwelcome harassment; (3) the harassment was based on his race; (4) the harassment unreasonably interfered with his work performance and created a hostile work environment; and (5) his employer knew or should have known of the racial harassment and failed to implement prompt and appropriate corrective action.

The claimed harassment must create a work atmosphere that is both objectively and subjectively hostile – that is, the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive, and the employee must subjectively regard that environment as abusive.

In determining whether the conduct is severe or pervasive enough to constitute a hostile work environment, you may consider the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

A mere unfriendly work environment is not sufficient to establish liability; rather, the workplace must be permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the employee's employment and create an abusive working environment.  Simple teasing, offhand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment. Conduct must be extreme to amount to a change in the terms and conditions of employment.  The law is not a general civility code; it was not designed to purge the workplace of vulgarity. The law does not prohibit all verbal or physical harassment in the workplace; it is directed only at discrimination because of race.

Plaintiff must show that but for the fact of his race, he would not have been the object of harassment.

Once a plaintiff has demonstrated that the harassment was because of race and was sufficiently severe and pervasive, he must show that his employer bears

responsibility for the harassment.An employer may only be liable if it fails to implement prompt and appropriate remedial action.

Further, when an employer is aware of and responds to charges of racial harassment, mere negligence as to the content of the response is not enough to make the employer liable. When an employer responds with good-faith remedial action, it can be liable for race discrimination only if that remedy exhibits such indifference as to indicate an attitude of permissiveness that amounts to discrimination.

In determining whether a hostile work environment existed, you must consider the evidence from the perspective of a reasonable person. This is an objective standard and requires you to look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Instead, you must consider the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person.

Smith v. Leggett Wire Company, 220 F.3d 752 (6th Cir. 2000); Blankenship v. Parke Core Centers, 123 F.3D 868,872 (6th Cir. 1997); Plumber & Steamfitters v. Ohio Civil Rights Comm. (1981), 66 Ohio St.2d 192; Faragher v. City of Boca Raton, 118 S.Ct. 2275, 2283 (1998); Harris v. Forklift, 510 U.S. 17 (1993); Mast v. IMCO, 2003 U.S. App. LEXIS 1940, **6 (6th Cir. 2003); Black v. Zaring Homes, Inc., 104 F.3d 822, (6th Cir. 1997); Baskerville v. Culligan, 50 F.3d 428, 340 (7th Cir. 1995);Oncale v.

<u>Sundowner</u>, 523 U.S. 75, 81 (1998);  <u>Bowman v. Shawnee State</u>, 220 F.3d 456, 463 (6th Cir. 2000); <u>Williams v. GM</u>, 187 F.3d 553, 565 (6th Cir. 1999); <u>Hafford v. Seidner</u>, 183 F.3d 506 (6th Cir. 1999); <u>EEOC v. Harbert-Yeargin</u>, 266 F.3d 498, 518 (6th Cir. 2001); O'Malley, Kevin F., Federal Jury Practice and Instructions (5th Ed.) (2001), §171.45.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6.**

ELEMENTS OF A RACE DISCRIMINATION CLAIM

In order to establish a race discrimination claim, plaintiff must prove, by a preponderance of the evidence, that:

1.    he is black;

2.    he was qualified for the job;

3.    he suffered an adverse employment decision; and

4.    he was treated differently than a similarly situated Caucasian.

Plaintiff has met the first two elements of this test. You must determine if he suffered an adverse employment decision and was treated differently from similarly situated white employees.

Plaintiff must show that defendants intentionally discriminated against him on the basis of his race. Plaintiff, however, is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts.

An adverse employment action is one that objectively changes a condition or term of plaintiff's employment. It is insufficient for the plaintiff to claim that an act caused him subjective harm; rather the law requires the employer act in such a way that a reasonable person would find that such action materially impacted his or her work environment. Changes in working conditions that cause no significant disadvantage are insufficient to establish the adverse conduct necessary to make a case of discrimination.

An individual suffers disparate treatment when he is singled out and treated less favorably than other similarly situated non-minority employees on account of his race. It is plaintiff's task to demonstrate that for the same or similar conduct, he was treated differently than similarly situated non-minority employees. To be deemed similarly situated, the individual with whom plaintiff seeks to compare his treatment must have dealt with the same supervisor, must have been subject to the same standards and have engaged in the same conduct without differentiating or mitigating circumstances that would distinguish his conduct or the employer's treatment of it.

Plaintiff need not demonstrate an exact correlation with the employee receiving more favorable treatment in order for the two to be considered similarly situated. Rather, plaintiff and the employee with whom he seeks to compare

himself must be similar in all of the relevant aspects. If you find that the compared employee is indeed similarly situated to plaintiff, in order for you to find for plaintiff, you must find that the differences in treatment, if any, were based on the fact that plaintiff is black and thus were based upon race.

In order to defend against a claim of discrimination, defendant has no burden to prove that its reasons were good, justifiable, or fair. It does not matter if you agree or disagree with defendant's reasons. If the defendant states legitimate, non-discriminatory reasons for its determination, plaintiff must establish by a preponderance of the evidence that the reasons stated by defendant were pretextual and not the actual reasons and that a real reason was unlawful discrimination.

To prove his case, plaintiff must do more than simply discredit defendants' explanation for their decision to not provide him with additional pay for teaching the Quest class. Rather, plaintiff must prove two things by a preponderance of the evidence:

1.  plaintiff must prove that defendants' stated reason for not providing him with additional pay is unworthy of belief; and

2.  plaintiff must prove that defendants' decision not to provide additional pay was because of his race.

Plaintiff can establish pretext by showing that: (1) defendants' proffered reasons had no basis in fact; (2) the proffered reasons did not actually motivate the adverse employment action; or (3) the proffered reasons were insufficient to motivate the adverse employment action. If you find that defendants' reason is pretextual you may, but are not required to, conclude that defendants' treatment of plaintiff was based upon his race.

To prove he was actually denied additional pay because of his race, plaintiff must prove that "but for" his race, he would have received additional pay. In other words, he must prove his race was a motivating factor in the decision not to provide additional pay for the Quest class.

Although there may be more than one factor involved in defendants' treatment of plaintiff, plaintiff is, nevertheless, entitled to recover if his race was one such factor and the race factor made a difference in determining whether plaintiff was to be given additional pay or not. If plaintiff has failed to prove his race was a motivating factor in defendants' treatment of him, you must find for defendants.

The plaintiff's subjective belief of race discrimination, however genuine, cannot be the basis of a finding that defendants discriminated against him. Personal beliefs, conjecture, and speculation do not give rise to an inference of

discrimination.   Plaintiff must produce evidence, other than his own opinion that would lead you to reasonably conclude that, more likely than not, the reason for plaintiff's treatment was his race.

The statutes prohibiting discrimination do not prohibit an employer from making employment decisions for reasons other than discrimination which may appear to you to be contrary to good business judgment.  The statutes are not vehicles for reviewing business decisions or personality conflicts.  An employer has a right to be wrong in the handling of employees or even to treat an employee unfairly as long as the employer does not discriminate against the employee based on his race.

Mitchell v. Toledo Hospital, 964 F.2d 577 (6th Cir. 1992); EEOC v. Avery Dennison Corp., 103 F.3d 958 (6th Cir. 1997); Kocsis v. Multi-Care Management, Inc., 197 F.3d 876 (6th Cir. 1996).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7**

ELEMENTS OF A RETALIATION CLAIM

Plaintiff alleges that defendants retaliated against him when he complained of racial harassment. To establish retaliation, plaintiff must prove, by a preponderance of the evidence, that (1) he was engaged in an activity protected by state or federal law; (2) defendants knew that he was engaged in protected activity; (3) defendants took adverse employment action against him; and (4) there was a causal connection between the protected activity and the adverse employment action.

To determine whether plaintiff has established these four elements you must employ the same analysis used above in determining whether plaintiff has proved a case of race discrimination.

EEOC v. Avery, 103 F.3d 858 (6th Cir. 1997).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8.

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff alleges that defendants are liable to him under a theory of intentional infliction of serious emotional distress. The following explains this tort: one who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for emotional distress, and if bodily harm further results from it, for such bodily harm. "Serious emotional distress" is an "emotional injury which is both severe and debilitating". The mental anguish suffered must be of such a nature that no reasonable person could endure it.

Plaintiff must therefore establish that he suffers the requisite serious emotional harm to sustain his cause of action. He also must establish evidence of extreme or outrageous conduct on the part of the defendants. To be actionable, a defendant's conduct must be considered to go beyond the bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369; Osman v. Isotec, 960 F. Supp. 118 (S.D. Ohio 1997)


### DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9.

### DAMAGES MUST HAVE BEEN PROXIMATELY CAUSED BY DEFENDANTS


Plaintiff must show by a preponderance of the evidence that the injury or damage for which he seeks to recover was proximately caused by defendants' actions.  An injury or damage is proximately caused when it appears from the evidence in the case that the defendants' acts played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of defendants' actions.

Defendants are not responsible for injury to plaintiff if the actions were a remote cause and not a proximate cause.  A remote cause is an act which could not have been reasonably foreseen or anticipated as being the natural cause of any injury.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10.**

LOSS OF PAST EARNINGS AND BENEFITS (BACK PAY)

If you find that defendants discriminated against plaintiff in violation of the applicable statutes, then you must determine the amount of back pay damages, if any, he is entitled to recover. Back pay runs from the date of plaintiff's resignation from his position as a teacher to the date of your verdict. Any back pay award must be reduced by the earnings plaintiff received after his resignation.

If you decide that plaintiff is entitled to recover back pay, the back pay award should place plaintiff in the position he would have been in had the resignation not occurred.

Back pay should redress the economic injury, if any, that plaintiff has suffered as a result of the violation of his legal rights. It should include the wages, including any raises, which plaintiff would have received had the violation of his legal rights not occurred. Back pay should also include sick leave, vacation pay, pension benefits, and other fringe benefits, if any, which plaintiff would have received had the violation of his legal rights not occurred.

You may not award back pay based on sympathy, speculation or guesswork. On the other hand, the law does not require plaintiff to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

You must also determine whether plaintiff made a reasonable effort to mitigate his damages.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11.**

MITIGATION OF DAMAGES

Plaintiff has an obligation to use reasonable efforts to mitigate or lessen his damages by seeking and continuing to seek comparable employment in a related field.  If plaintiff failed to make reasonable efforts to obtain comparable employment, he is not entitled to recover any damages incurred after the date he failed to mitigate.

Plaintiff, however, does not have the burden of proving that he mitigated his damages.  On this issue, defendants have the burden of showing by a preponderance of the evidence that plaintiff did not exercise reasonable diligence in seeking comparable employment in a related field.

In order to meet its burden of proving that plaintiff failed to mitigate damages, defendant must show by a preponderance of the evidence that there were comparable positions available which plaintiff could have discovered and for which he was qualified, and that plaintiff failed to exercise reasonable diligence in seeking such employment.  Even if defendants fail to offer evidence on the issue of mitigation, its burden may be satisfied by plaintiffs' evidence.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12.**

COMPENSATORY DAMAGES

You may award money damages for physical pain and suffering, emotional pain and suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, loss of self esteem, and other nonpecuniary losses only if you find, by a preponderance of the evidence, that those losses were caused by unlawful conduct by the defendants. No evidence of monetary value of such intangible things as emotional pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for the intangible elements of damages. Any award you make should be fair in light of the evidence presented at trial.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13.**

EFFECT OF INSTRUCTION AS TO DAMAGES

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instruction as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

O'Malley, Kevin F., Federal Jury Practice and Instructions (5th Ed.) (2001), §106.02

**DEFENDANTS' REQUESTED INTERROGATORY NO. 1.**

Has the plaintiff proven, by the preponderance or greater weight of the evidence that he was subjected to unwelcome harassment?


Yes _____        No_____


_____

_____

_____

_____

_____

_____

_____

_____


If your answer to this Interrogatory is Yes, proceed to Interrogatory No. 2.

If your answer to this interrogatory is No, go to Interrogatory No. 7.

**DEFENDANTS' REQUESTED INTERROGATORY NO. 2.**

Has the plaintiff proven, by the preponderance or greater weight of the

evidence that, but for his race, he would not have been the object of harassment?

Yes _____          No_____


_____

_____

_____

_____

_____

_____

_____

_____


If your answer to this Interrogatory is Yes, proceed to Interrogatory No. 3.

If your answer to this interrogatory is No, go to Interrogatory No. 7.

**DEFENDANTS' REQUESTED INTERROGATORY NO. 3.**

Has the plaintiff proven, by the preponderance or greater weight of the evidence that the harassment unreasonably interfered with the terms and conditions of his employment?

Yes _____          No_____


_____

_____

_____

_____

_____

_____

_____

_____


If your answer to this Interrogatory is Yes, proceed to Interrogatory No. 4.

If your answer to this interrogatory is No, go to Interrogatory No. 7.

**DEFENDANTS' REQUESTED INTERROGATORY NO. 4.**


Has the plaintiff proven, by the preponderance or greater weight of the evidence that the harassment created a work environment that was both objectively and subjectively hostile or abusive?

Yes _____        No_____


_____

_____

_____

_____

_____

_____

_____

_____


If your answer to this Interrogatory is Yes, proceed to Interrogatory No. 5.

If your answer to this interrogatory is No, go to Interrogatory No. 7.

**DEFENDANTS' REQUESTED INTERROGATORY NO. 5.**

Has the plaintiff proven, by the preponderance or greater weight of the

evidence that defendants knew or should have known of the racial harassment and

failed to implement prompt and appropriate corrective action?

Yes _____          No_____


_____

_____

_____

_____

_____

_____

_____

_____


If your answer to this Interrogatory is Yes, proceed to Interrogatory No. 6.

If your answer to this interrogatory is No, go to Interrogatory No. 7.

**DEFENDANTS' REQUESTED INTERROGATORY NO. 6.**

Has the plaintiff proven, by a preponderance or greater weight of the evidence that the corrective action implemented by defendants exhibited such indifference as to indicate an attitude of permissiveness that amounts to discrimination?

Yes _____          No_____


_____

_____

_____

_____

_____

_____

_____

_____


Go to Interrogatory No. 7.

**DEFENDANTS' REQUESTED INTERROGATORY NO. 7.**

Has the plaintiff proven, by the preponderance or greater weight of the evidence, that defendant Board intentionally discriminated against him on the basis of his race?

Yes _____          No_____


_____

_____

_____

_____

_____

_____

_____

_____


Go to Interrogatory No. 8.

**DEFENDANTS' REQUESTED INTERROGATORY NO. 8.**

Has the plaintiff proven, by the preponderance or greater weight of the evidence, that defendant Mate intentionally discriminated against him on the basis of his race?

Yes _____          No_____

_____

_____

_____

_____

_____

_____

_____

_____

Go to Interrogatory No. 9.

**DEFENDANTS' REQUESTED INTERROGATORY NO. 9.**


Has the plaintiff proven, by the preponderance or greater weight of the

evidence, that defendant Imhoff intentionally discriminated against him on the

basis of his race?

Yes _____          No_____


_____

_____

_____

_____

_____

_____

_____

_____


Go to Interrogatory No. 10.

**DEFENDANTS' REQUESTED INTERROGATORY NO. 10.**


Has the plaintiff proven, by the preponderance or greater weight of the

evidence, that he was subjected to racial discrimination, harassment or retaliation

as a result of an officially executed policy of the Board?

Yes _____          No_____


_____

_____

_____

_____

_____

_____

_____

_____


Go to Interrogatory No. 11.

## DEFENDANTS' REQUESTED INTERROGATORY NO. 11.

Has the plaintiff proven, by the preponderance or greater weight of the

evidence, that defendant Board retaliated against him for complaining of

discrimination?

Yes _____          No_____


_____

_____

_____

_____

_____

_____

_____

_____

Go to Interrogatory No. 12.

**DEFENDANTS' REQUESTED INTERROGATORY NO. 12.**


Has the plaintiff proven, by the preponderance or greater weight of the

evidence, that defendant Mate retaliated against him for complaining of

discrimination?

Yes _____          No_____


_____

_____

_____

_____

_____

_____

_____

_____


Go to Interrogatory No. 13.

**DEFENDANTS' REQUESTED INTERROGATORY NO. 13.**

Has the plaintiff proven, by the preponderance or greater weight of the evidence, that defendant Imhoff retaliated against him for complaining of discrimination?

Yes _____          No_____


_____

_____

_____

_____

_____

_____

_____

_____


Go to Interrogatory No. 14.

**DEFENDANTS' REQUESTED INTERROGATORY NO. 14.**

Has the plaintiff proven, by the preponderance or greater weight of the evidence, that he has suffered serious emotional distress?

Yes _____          No_____


_____

_____

_____

_____

_____

_____

_____

_____


If the your answer to this Interrogatory is Yes, go to Interrogatory No. 15.

If your answer to this interrogatory is No, go to Interrogatory No. _____.

**DEFENDANTS' REQUESTED INTERROGATORY NO. 15.**

Has the plaintiff proven, by the preponderance or greater weight of the evidence, that defendant Board intentionally or recklessly caused him serious emotional distress?

Yes _____          No_____


_____

_____

_____

_____

_____

_____

_____

_____

Go to Interrogatory No. 16.

**DEFENDANTS' REQUESTED INTERROGATORY NO. 16.**


Has the plaintiff proven, by the preponderance or greater weight of the

evidence, that defendant Mate intentionally or recklessly caused him serious

emotional distress?

Yes _____          No_____


_____

_____

_____

_____

_____

_____

_____

_____


Go to Interrogatory No. 17.

**DEFENDANTS' REQUESTED INTERROGATORY NO. 17.**

Has the plaintiff proven, by the preponderance or greater weight of the evidence, that defendant Imhoff intentionally or recklessly caused him serious emotional distress?

Yes _____          No_____


_____

_____

_____

_____

_____

_____

_____

_____

Go to Interrogatory No. 18.

**If you answered Yes to Interrogatory No. 8, 12 or 16:**

## DEFENDANTS REQUESTED INTERROGATORY NO. 18.

What damages did plaintiff suffer as a proximate result of defendant Mate's allegedly wrongful conduct?

$_____

Go to Interrogatory No. 19.

**If you answered Yes to Interrogatory No. 9, 13 or 17:**

### DEFENDANTS REQUESTED INTERROGATORY NO. 19.

What damages did plaintiff suffer as a proximate result of defendant Imhoff's allegedly wrongful conduct?

$_____

Go to Interrogatory No. 20.

**If you answered Yes to Interrogatory Nos. 1 thru 6 or 7, 11 or 15:**

**DEFENDANTS REQUESTED INTERROGATORY NO. 20.**

What damages did plaintiff suffer as a proximate result of defendant Board's

allegedly wrongful conduct?

$_____

You are finished.

/s/ R. Gary Winters
R. Gary Winters  0018680
Bernard W. Wharton  0063487
Attorneys for Defendants
McCASLIN, IMBUS & McCASLIN
Suite 900 Provident Bank Building
632 Vine Street
Cincinnati, OH  45202-2442
(513)  421-4646

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October, 2003, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/ R. Gary Winters
R. Gary Winters   0018680
Bernard W. Wharton 0063487
Attorneys for Defendants, Madeira City
School District Board of Education, Michele
W. Hummel, Chris J. Mate, Paul W. Imhoff
Suite 900 Provident Building
632 Vine Street
Cincinnati, OH 45202-2442
(513) 421-4646 (phone)
(513) 421-7929 (fax)
rgarywinters@zoomtown.com
bwharton@zoomtown.com