# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| JEAN ROBERT CADET, | : | CASE NO.   C-1-01-131 |
| | | (HOGAN, M. J.) |
| Plaintiff, | : | |
| | | |
| v. | : | PLAINTIFF'S PROPOSED JURY |
| | | INSTRUCTIONS |
| | : | |
| MADEIRA CITY SCHOOLS, et al. | | |
| | : | |
| Defendants. | | |
| | : | |

Pursuant to Rules 49 and 51 of Federal Rules of Civil Procedure, Plaintiff Jean-Robert Cadet submit their proposed jury instructions.  Plaintiff reserves the right to submit additional proposed jury instructions as warranted by the evidence, permitted by the Court and these rules of Civil Procedure.

Respectfully submitted,

s/W. Kelly Lundrigan

W. Kelly Lundrigan          (0059211)
Rhonda S. Frey              (0067343)
MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION
225 West Court Street
Cincinnati, Ohio 45202-1098
Telephone:     (513) 721-5525
Facsimile:     (513) 721-4268

# PROVINCES OF THE COURT AND JURY

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to instruct you as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in these instructions and to apply these rules of law to the facts as you find them from the evidence in the case.

The following instructions will be provided to you in writing for your use during your deliberations. Therefore, you need not try to memorize these instructions or be concerned about taking notes.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Nor are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in these instructions; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but yours.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law as given in the Court's instructions.

Counsel may properly refer to the rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and the law as stated by the Court in these instructions, you are to be governed by these instructions.

-2-

## <u>ALL PERSONS EQUAL BEFORE THE LAW</u>

This case should be considered and decided by you as an action between persons of equal standing in the community, or equal worth and holding the same or similar stations in life. Both Plaintiff and Defendant are entitled to the same fair trial at your hands. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

## COURT'S QUESTIONS TO WITNESSES

During the course of trial, I occasionally ask questions of a witness in order to clarify an answer that I can see the jury did not understand. The Court is not an advocate for either side and doesn't want to be seen as taking sides. For that reason, this Court is reluctant to participate in the questioning of witnesses, which is the function of the lawyers.

## OBJECTION BY COUNSEL

It is the duty of attorneys on each side of a case to object when the other side offers testimony or other evidence which counsel believes is not properly admissible. No juror should ever draw an unfavorable inference against an attorney who objects.

When the Court has sustained an objection to a question, you must disregard the question, and may not speculate as to what the answer of the witness might have been.

Allowing testimony or other evidence to be introduced over the objection of counsel does not indicate any opinion by the Court as to the weight or effect of such evidence. That is up to you to determine.

## EVIDENCE

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Any evidence to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded. Where I instructed you that some item of evidence was received for a limited purpose only, you must follow that instruction.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

Statements, questions, and arguments of counsel are not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence - such as the testimony of an eyewitness. When a witness testifies about what is known to the witness as personal knowledge by virtue of his or her own senses - what he or she observes and hears - that is called direct evidence.

The second type of evidence is indirect or circumstantial evidence - the proof of a chain of circumstances pointing to the existence or non-existence of certain facts. Circumstantial evidence is of the same value as direct evidence. Circumstantial evidence is evidence which tends to prove or disprove a disputed fact by proof of other facts. You infer based on reason and common sense from an established fact the existence or nonexistence of some other fact. To infer, or to make an inference, is to reach a reasonable conclusion of fact which you may, but are not required to, make from other facts which you find have been established by direct evidence. Whether an inference is made rests entirely with you. You may infer facts only from other facts that have been proved by the greater weight of evidence, but you may not infer facts from a speculative or remote basis that has not been established by the greater weight of the evidence.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with all the evidence in the case, both direct and circumstantial.

# EVALUATION OF EVIDENCE

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it. The law does not require you to accept all of the evidence I have admitted, even though it is legally admissible. In determining what evidence you will accept, you must make your own evaluation of each witness's testimony and determine the weight you choose to give that testimony. The testimony of a witness may fail to conform to the facts as they occurred because the witness is intentionally telling a falsehood, did not accurately see or hear, has faulty recollection, or has not expressed himself or herself clearly. There is no magical formula by which one may evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, state of mind, and the witness's appearance and conduct while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

A witness may also be discredited or "impeached" by contradictory evidence or by evidence that at some other time the witness has said or done something or has failed to say or do something which is inconsistent with the witness's present testimony.

If a witness is shown knowingly to have testified falsely or incorrectly concerning any material matter, you may or may not choose to distrust such witness's testimony in other particulars and you may or may not reject all the testimony of that witness.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

## EXPERT TESTIMONY

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matter, in which they profess to be expert, and they may also state their reasons for the opinion.

Dr. Way is an economist who is Plaintiff's expert witness and has testified as to his economic analysis of Plaintiff's damages.

You should consider each expert opinion, and give it such weight as you think it deserves. You are not bound to accept an expert's opinion simply because the individual is an expert.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience or if you should conclude that the reasons given in support of the opinion are not sound or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

As with other witnesses, you have the duty of deciding what weight, if any, should be given to the testimony of experts.

## JURY'S RECOLLECTION CONTROLS

If any reference by the Court or counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations.

In connection with notes you may have taken during the trial, neither your own notes nor those of fellow jurors should replace your own recollection, for it is possible that a note may be in error. If your personal recollection of the evidence is different than the information contained in any juror's notes, you must rely on your recollection.

## EACH PARTY ENTITLED TO THE BENEFIT OF ALL EVIDENCE

There is no significance to be attached to the fact that certain witnesses were called to the witness stand by one party rather than the other. Each party is entitled to the benefit of any evidence tending to establish its contentions, even though such evidence may have come from the other party's witnesses.

# PREPONDERANCE OF THE EVIDENCE

Plaintiff has the burden to prove every essential element of his claim by a preponderance of the evidence. If he does not do so, then you should find for Defendant. If you find the evidence to be evenly balanced, then you must find for Defendant.

To establish something by a "preponderance of the evidence" means simply to prove that something is more likely to be so than not so. To put it differently, if you were to put Plaintiff's and Defendant's evidence on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on his side in order to prevail.

Plaintiff need only prove his case by a preponderance of the evidence; he need not prove his case beyond a reasonable doubt, as is necessary in criminal cases. But speculation or mere possibility is not sufficient to support a judgment in Plaintiff's favor. Plaintiff is not obliged to produce all of the witnesses who may know something about his case; he simply has the burden to produce sufficient evidence to prove his case by a preponderance of the evidence.

The test is not which side brings the greater number of witnesses or produces the greater quantity of testimony, but which side produces those witnesses and evidence which in your minds are the more accurate and trustworthy.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

# THE STATUTES DEFINING PLAINTIFF'S CLAIM

Plaintiff alleges claims against both the Board and Mate and Imhoff, school administrators. 42 U.S.C. Section 1983 provides a plaintiff with a course of action if his constitutional rights have been violated.  In this case, Plaintiff claims that his right to equal protection under the Fourteenth Amendment has been violated by the Defendants.  In order for Plaintiff to succeed on a 42 U.S.C. Section 1983 claim, he must prove that the Defendants discriminated against him on the basis of his race, thus depriving him of the equal protection under the law.

42 U.S.C. Section 1981 prohibits state actors, such as boards of education, principals and assistant principals, from discriminating against persons on the basis of race in the making and enforcing of contracts.  Plaintiff claims that the Board, Mate, and Imhoff discriminated against him when they refused to pay him for taking on an additional class and giving up his planning period, as other similarly situated Caucasian teachers were being paid.  As a result, Plaintiff claims that Defendants discriminated against him in the making and enforcing of contracts.

The Ohio Civil Rights Statute, Ohio Revised Code § 4112.02(A) provides that it is an unlawful discriminatory practice for an employer to discharge a person without just cause, or otherwise discriminate with respect to hire, tenure, terms, conditions, or privileges of employment, because of a person's race.

The statutes prohibit an employer from discriminating because of race.  You are instructed that Defendants were employers for purposes of the statutes involved in this case.  The purpose of these statutes is to promote the employment of all persons based on their ability rather than their race.

The state and federal discrimination statutes, however, does not require that an employer give special treatment to a person because of that person's race, nor does it prohibit an employer from making employment decisions for reasons other than race which may appear to you to be contrary to good business judgment.  The statute is not a vehicle for reviewing business decisions or personality conflicts.  An employer has a right to be wrong in the handling of employees so long as it does not discriminate on the basis of race.  On the other hand, an employer's business decision may not be credible and may be a reason advanced to conceal unlawful discrimination.

---

Rivers v. Roadway Express, Inc., 511 U.S. 298, 114 S. Ct. 1510 (1994).

## BOARD LIABILITY UNDER 42 U.S.C. § 1983 AND 42 U.S.C. § 1981

Individual liability under the federal statutes, 42 U.S.C. § 1983 and 42 U.S.C. § 1981 is different than the Board's liability under the state statutes. Although a board may be liable under Ohio Revised Code Section 4112 for the actions of its employees, under 42 U.S.C. §1983 and 42 U.S.C. § 1983, a board may be liable if it caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. A formal adopted policy is not required; established custom or usage may be sufficient. Ratification of a subordinate's decision may create liability on the part of a board. To ratify means to authorize or otherwise approve, retroactively, an agreement or conduct either expressly or by implication. For the Madeira Board to be liable under § 1983 or § 1981, the Plaintiff must show that the Board is responsible for the discrimination of Plaintiff on the basis of his race, and that Plaintiff was not paid for taking on an additional class as the white teachers he worked with were. In order for Defendant Board to be liable under § 1983, Plaintiff must so that the toleration of a custom within the Madeira schools by the Madeira City Schools Board of Education or a decision made by the Board or the Ratification of a subordinate's's decision such as Mate or Imhoff, caused or resulted in racial harassment, racial discrimination or retaliation. The Board is liable to Plaintiff under these statutes if he can prove the existence of unconstitutional actions by the Board itself.

_____

City of St. Louis v. Praprotnik, 485 U.S. 112 (1998).

Monell v. New York City Dept. Of Social Services, 436 U.S. 658 (1978).

Meyers v. Cincinnati, 14 F.3d 1115 (6th Cir. 1994)

Hull v. Cuyahoga Valley Joint Vocational School Dist. Bd. Of Ed., 926 F.2d 505 (1991).

Black's Law Dictionary, (6th Ed., West Group).

## INDIVIDUAL LIABILITY UNDER 42 U.S.C. § 1983 AND 42 U.S.C. § 1981

For individual state actions Mate and Imhoff to be liable, the Plaintiff must show that each engaged in active unconstitutional behavior. That is, Plaintiff must show that Mate and Imhoff participate, encouraged, authorised or acquiesced in racial harassment, racial discrimination or retaliation. Negligence as to the existence of harassment may constitute an intentional act of discrimination if the administrators knew of should have know of the discrimination. Plaintiff must establish by a preponderance of the evidence that Mate and/or Imhoff violated a clearly established constitutional right of Plaintiff.

---

Long v. Norris, 929 F.2d 1111 (6th Cir. 1991).

Blankenship v. Parke Care Centers, Inc., 123 F.3d 868 (6th Cir. 1997).

Mitchell v. Toledo Hospital, 964 F.2d 577 (6th Cir. 1992).

# ESSENTIAL ELEMENTS OF PLAINTIFF'S RACE DISCRIMINATION CLAIMS

O.R.C § 4112.02 forbids a government employer from engaging in actions that discriminate against any individual with respect to his compensation, terms, conditions, or privileges of such individual's race.

In order to establish his race discrimination claim, Plaintiff must prove, by a preponderance of the evidence, that:

1.    He is a member of a protected class. (You are instructed that Plaintiff is a member of a protected class because he is black.);

2.    He was subject to unwelcome harassment;

3.    The harassment was based on his race;

4.    The harassment unreasonably interfered with his work performance and created a hostile work environment; and

5.    His employer knew or should have known of the racial harassment and failed to implement prompt and appropriate corrective action.

Plaintiff must show that Defendant intentionally discriminated against him on the basis of his race. Plaintiff, however, is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts.

In order to defend against a claim of discrimination, Defendant has no burden to prove that its reasons for Plaintiff's demotion were good, justifiable, or fair. It does not matter if you agree or disagree with Defendant's reasons. If the Defendant states a legitimate, nondiscriminatory reason for its determination of Plaintiff's salary and why Plaintiff was told to accept a mentor or resign, Plaintiff must establish by a preponderance of the evidence that the reasons stated by Defendant were pretextual and not the actual reasons and that a real reason was unlawful discrimination.

The claimed harassment must create a work atmosphere that is both subjectively and objectively hostile. That is, the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive, and the employee must subjectively regard that environment as abusive.

In determining whether the conduct is severe or pervasive enough to constitute a hostile work environment, you may consider the frequency of the discriminatory conduct; it severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employees work performance.

Plaintiff must show that but for the fact of his race, he would not have been the object of harassment.

Once a Plaintiff has demonstrated that the harassment was because of race and was sufficiently severe and pervasive, he must show that his employer bears responsibility for the harassment. An employer may only be liable if it fails to implement prompt and remedial action.

Further, when an employer is aware of and responds to charges of racial harassment, mere negligence as to the content of the response is not enough to make the employer liable.

In determining whether a hostile work environment existed, you must consider the evidence from the perspective of a reasonable person. This is an objective standard and requires you to look at the evidence from the perspective a reasonable person's reaction to a similar environment under similar circumstances. You must consider the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person.

---

Moore v. Kuka Welding Systems, 171 F.3d 1073 (6th Cir. 1999).

Blankenship v. Parke Care Centers, Inc., 123 F.3d 868 (6th Cir. 1997).

Hafford v. Seidner, 183 F.3d 506 (6th Cir. 1999).

## PLAINTIFF'S CLAIMS ON CONSTRUCTIVE DISCHARGE

Constructive discharge exists where an employee involuntarily chooses to leave his or her job. The test for determining whether an employee was constructively discharged is whether the employer's actions made working conditions so intolerable that a reasonable person under the circumstances would have felt compelled to resign. This is an objective test. The employer's subjective intent is irrelevant to this determination.

The Plaintiff left his job and claims that he was constructively discharged by the Board. The defendants claim that the Plaintiff voluntarily left the job. If you find by the greater weight of the evidence that the defendants, regardless of their intent, made the Plaintiff's working conditions so difficult and unpleasant that a reasonably prudent person under the same or similar circumstances would feel compelled to resign or leave the employment, then you must find that the Plaintiff was constructively discharged.

---

2 OJI 266.25 (2003); Mauzy v. Kelly Services, Inc., 75 Ohio St.3d 578 (1996); United Parcel Service v. OCRC, 71 Ohio App. 3d 146 (1991); Moore v. Kuka Welding Systems, 171 F.3d 1073, 1080 (6th Cir. 1999); Hafford v. Seidner, 183 F.3d 506 (6th Cir. 1999).

# PLAINTIFF'S DISPARATE TREATMENT CLAIMS

Disparate treatment occurs if an employer treats some people less favorably than others because of their race. An individual suffers disparate treatment when he is singled out and treated less favorably than other similarly situated non-minority employees on account of her race. It is Plaintiff's task to demonstrate that for the same or similar conduct, he was treated differently than similarly situated non-minority employees. To be deemed similarly situated, the individual with whom Plaintiff seeks to compare his treatment must have dealt with the same administration, must have been subject to the same standards and have engaged in the same conduct without differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of it. Plaintiff need not demonstrate an exact correlation with the employee receiving more favorable treatment in order for the two to be considered "similarly situated." Rather, Plaintiff and the employee with whom he seeks to compare herself must be similar in all of the relevant aspects. If you find that the compared employee is indeed similarly situated to Plaintiff, in order for you to find for Plaintiff under Ohio Civil Rights Act, you must find that the differences in treatment, if any, were based on the fact that Plaintiff is African-American and thus were based upon race.

To prove his case, Plaintiff must do more than simply discredit Defendant's explanation for their decisions not to pay him the same amount and for requiring him to accept a mentor or resign. Rather, Plaintiff must prove two things by a preponderance of the evidence:

 1.  He is a member of a protected class. (You are instructed that Plaintiff is a member of a protected class.); and

 2.  He was treated less favorably than a similarly situated non-minority employee.

To prove he was actually treated differently because of his race, Plaintiff must prove that "but for" his race, he would not have been treated differently than other similarly situated people of a different race. In other words, his race was a motivating factor in the decision to force him to accept a mentor or resign and a factor in the decision not to pay him for teaching an additional class and giving up his planning period.

The plaintiff's subjective belief of race discrimination, however genuine, cannot be the basis of a finding that Defendants discriminated against Plaintiff because of his race. Personal beliefs, conjecture, and speculation do not give rise to an inference of discrimination. Plaintiff must produce evidence, other than his own opinion that would lead you to reasonably conclude that, more likely than not, the reason was his race.

In this case, it is undisputed that Plaintiff is African-American, a protected status. It is also undisputed that Plaintiff was not paid for teaching an additional class and giving up his planning period, and was told to accept a mentor or resign. You must decide whether Plaintiff's race was a motivating factor in Defendants' decisions.

_____

Mitchell v. Toledo Hospital, 964 F.2d 577 (6th Cir. 1992).

# PLAINTIFF'S RETALIATION CLAIM

Plaintiff also alleges that he was subjected to adverse employment conditions as a result of taking Plaintiff's opposition and complaining of Defendants' wrongful conduct and the racial harassment he suffered. Plaintiff claims that it violates Ohio law and public policy to retaliate against an employee for reporting and opposing wrongful conduct.

To establish retaliation, the Plaintiff must demonstrate that:

1. He engaged in protected activity. (You are instructed that making reports and complaints of racial discrimination and harassment are protected activities under the law.);

2. His exercise of his civil rights was known to Defendants;

3. The Defendants took adverse action to him and;

4. There was a causal connection between the protected activity and the adverse employment action.

If you find that Plaintiff's report and opposition was a determining factor in Defendant's decision to take adverse employment actions against Plaintiff, you will find in favor of Plaintiff on this claim.

The statute prohibiting discrimination does not prohibit an employer from making employment decisions for reasons other than discrimination which may appear to you to be contrary to good business judgment. The statute is not a vehicle for reviewing business decisions or personality conflicts. An employer has a right to be wrong in the handling of employees or even to treat an employee unfairly as long as the employer does not discriminate against the employee based on his race.

An adverse employment action is one that objectively changes a condition or term of Plaintiff's employment. It is insufficient for the Plaintiff to claim that an act caused him subjective harm, rather the law requires the employer act in such a way that a reasonable person would find that such action materially impacts his or her work environment.

---

EEOC v. Avery Dennison Corp., 104 F.3d 858 (6th Cir. 1997).

# INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To prevail on a claim for intentional infliction of emotional distress, appellant must demonstrate the following four elements: (1) the actor intended to cause emotional distress or knew or should have known that the actions would result in serious emotional distress; (2) the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it would be considered utterly intolerable in a civilized society; (3) the actor's actions were the proximate cause of appellant's injury; and (4) appellant suffered severe mental anguish.

_____

*Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 374-375, 453 N.E.2d 666.

Osman v. Isotec, 960 F. Supp. 118 (S.D. Ohio 1997).

# DAMAGES

If you find for the Plaintiff, then you must decide by the greater weight of the evidence an amount of money that will reasonably compensate the Plaintiff for the actual injury proximately caused by the conduct of the defendants.

Compensatory damages intended to make Plaintiff whole for any loss he may have suffered as a result of the defendants' actions. Such an award should be considered as fair and just compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not intended as punishment. Plaintiff has the burden of proving his compensatory damages by a preponderance of the evidence. It is for the jury to determine what damages, if any, will be awarded. You may determine that the Plaintiff is entitled to damages including back pay, front pay, and compensatory damages for mental anguish and suffering.

If you find for the Plaintiff, you may determine that he is entitled to recover back pay. Back pay means lost wages and benefits, including any increases in wages or benefits lost because of discrimination and/or retaliation. The amount of wages and benefits due is determined by calculating the amount that would have been earned from the date the Plaintiff's employment terminated to the present. You may include all forms of compensation that the employee proved he would have earned, but for the discriminatory and retaliatory acts, including salary, bonuses, vacation pay, pension, health insurance, and other benefits.

In addition, if you find for the Plaintiff, you may consider an award of front pay. Front pay includes the amount the Plaintiff would have earned from the date of the verdict until the date you find the Plaintiff's loss of future pay and benefits will cease. The purpose of front pay is to temporarily compensate the Plaintiff while he seeks comparable employment, and not to give long-term compensation from the present to retirement. Among the factors to be considered in deciding the amount of front pay are the following:

1. the age of the Plaintiff and his reasonable prospects of obtaining comparable employment;

2. salary, bonuses, vacation pay, and other pay;

3. expenses associated with finding new employment; and

4. the replacement value of fringe benefits until comparable fringe benefits are obtained for a reasonable length of time.

In determining the amount of front pay, you must deduct the amount of wages and benefits you believe Plaintiff will receive from replacement income during the period of front pay awarded.

While the damages must be proven with reasonable certainty, the Plaintiff is not required to prove with unrealistic precision the amount of lost earnings, if any, due him. Any uncertainties in the amount the Plaintiff could have earned should be resolved against the defendant employer.

You must also consider whether to compensate Plaintiff for any proven humiliation, embarrassment, mental anguish and loss of reputation. Compensatory damages are intended to compensate one for the mental aspects of injury, including, but not limited to, personal humiliation, embarrassment, mental anguish and suffering, and loss of reputation. In deciding this amount, if any, you will consider the nature, character, seriousness and duration of any emotional pain, suffering, mental anguish, or humiliation the Plaintiff may have experienced.

---

2 OJI 266.77 (2002); Worrell v. Multipress, Inc., 45 Ohio St.3d. 241 (1989); Ohio Civil Rights Comm'n v. Ingram, 69 Ohio St.3d. 89 (1994); Elek v. Huntington National Bank, 60 Ohio St.3d. 135 (1991); Keys v. U.S. Welding, Fabricating and Mfg., 1992 WL 218302 (N.D. Ohio 1992).

# PUNITIVE DAMAGES

If you find for Plaintiff and award compensatory damages, you may also consider whether you will separately award punitive damages. Punitive damages may be awarded against the defendants as a punishment to discourage others from committing similar wrongful acts.

You may award punitive damages if you find by the greater weight of the evidence that the defendants acted with actual malice or with reckless indifference to the Plaintiff's rights under federal and/or state law. In this case, you may award punitive damages if you find that the Defendants engaged in discriminatory and/or retaliatory practices or acted with malice or reckless indifference to the rights of Plaintiff to be free from such discrimination and/or retaliation in employment.

Actual malice is defined as (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge; or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

Reckless indifference means indifference of an egregious character to the Plaintiff's rights to be free of such discriminatory or retaliatory conduct. Reckless indifference reflects that entire want of care which would raise the presumption of a conscious disregard to consequences.

---

Johnson v. Railway Express Agency, 421 U.S. 454 (1975); Hall v. Consolidated Freightways Corp. of Delaware, 337 F.3d 669 (6th Cir. 2003); Preston v. Murty, 32 Ohio St.3d 334 (1987); Rice v. Certainteed Corp., 84 Ohio St.3d 417 (1999); 1 OJI 23.70 (2002).

# MITIGATION OF DAMAGES

Plaintiff has an obligation to use reasonable efforts to mitigate or lessen his damages by seeking and continuing to seek comparable employment in a related field.  If Plaintiff failed to make reasonable efforts to obtain comparable employment, he is not entitled to recover any damages incurred after the date he failed to mitigate.

Plaintiff, however, does not have the burden of proving that he mitigated his damages.  On this issue, Defendant has the burden of showing by a preponderance of the evidence that Plaintiff did not exercise reasonable diligence in seeking comparable employment in a related field.

In order to meet its burden of proving that Plaintiff failed to mitigate damages, Defendant must show by a preponderance of the evidence that there were comparable positions available, which Plaintiff could have discovered and could have obtained and for which he was qualified, and that Plaintiff failed to exercise reasonable diligence in seeking such employment.  Even if Defendant fails to offer evidence on the issue of mitigation, its burden may be satisfied by Plaintiff's evidence.

## NO INFERENCE TO BE DRAWN FROM COURT'S DAMAGES INSTRUCTIONS

The fact that I have instructed you on the elements of damages does not mean that I have any opinion as to what damages, if any at all, you should award in this case.

# IMPARTIAL CONSIDERATION OF EVIDENCE

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of Plaintiff's complaint and Defendant's answers thereto. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

## ELECTION OF FOREPERSON

Upon retiring to the jury room, you will select one of your members to act as your foreperson.  The foreperson will preside over your deliberations, make certain that every juror has an opportunity to be heard, and will be your spokesperson here in Court.  He or she will hand your verdict to the Clerk when you return to Court.

## DELIBERATIONS

After you adjourn to the jury room, it is your duty to deliberate on the evidence that has been presented to you. It may be helpful for you to first review the instructions I have just read to you and the verdict form which will be found in the back of the jury book. That will provide guidance for organizing and discussing the evidence that both sides have presented during the trial.

You may take a poll of the jury members regarding a verdict at any time, but a vote may be more productive after you have first thoroughly discussed all the evidence before you.

## UNANIMOUS VERDICT AND DUTY TO DELIBERATE

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without abandoning your individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict or because of the time of day.

Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole intent is to seek the truth from the evidence in the case.

## NO RECOMMENDED VERDICT

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any manner what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

# VERDICT FORM

You will take one verdict form with you into the jury room. This form contains a series of questions. You will enter your unanimous findings on it by answering each question "Yes" or "No," and filling in the blanks if appropriate. When you have reached a unanimous agreement as to your verdict, the foreperson will fill in, date and sign the form. All other jurors will sign the verdict form. Then advise the Court that you are ready to return to the courtroom with your verdict by pressing the buzzer.

Respectfully submitted,


s/W. Kelly Lundrigan
W. Kelly Lundrigan                    (0059211)
Rhonda S. Frey                        (0067343)
MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION
225 West Court Street
Cincinnati, Ohio 45202-1098
Telephone:    (513) 721-5525
Facsimile:    (513) 721-4268

*ATTORNEYS FOR PLAINTIFF*


## CERTIFICATE OF SERVICE


I hereby certify that on the 6th day of October, 2003, a copy of the foregoing document was

filed electronically. Notice of this filing will be sent to all parties by operation of the Court's

electronic filing system. Parties may access this filing through the Court's system.


s/W. Kelly Lundrigan
W. Kelly Lundrigan                    (0059211)
Rhonda S. Frey                        (0067343)
MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION
225 West Court Street
Cincinnati, Ohio 45202-1098
Telephone:    (513) 721-5525
Facsimile:    (513) 721-4268

*ATTORNEYS FOR PLAINTIFF*


N:\CLIENTS\Cadet\Trial\juryinstructions3.mlb.wpd-wlh