FILED
KENNETH J. MURPHY
CLERK

2003 OCT 15  PM 1:47

U.S. DIST. OF CLERK
SOUTH DIST OHIO
WEST DIV CINCINNATI

# United States District Court
### Southern District of Ohio
### Western Division

JEAN-ROBERT CADET,
       **PLAINTIFF**

    VS.

MADEIRA CITY SCHOOL DISTRICT
et. al.,
     **DEFENDANTS**

CASE NO. C-1-01-131
(HOGAN, M.J.)

---

## JURY INSTRUCTIONS

---

## Index of Instructions

| | Page |
|---|---|
| Provinces of the Court and Jury | 1 |
| All Persons Equal Before the Law | 2 |
| Court's Questions to Witnesses | 3 |
| Objection By Counsel | 4 |
| Evidence | 5 |
| Direct and Circumstantial Evidence | 6 |
| Evaluation of Evidence | 7 |
| Expert Witnesses | 9 |
| Charts, Diagrams and Summaries | 10 |
| Jury's Recollection Controls | 11 |
| Each Party Entitled to the Benefit of All Evidence | 12 |
| Preponderance of the Evidence | 13 |
| Claims of the Parties | 14 |
| Laws Defining Plaintiff's Claims - I. Racial Discrimination | 15 |
| II. Racial Harassment/Hostile Environment | 18 |
| Constructive Discharge | 20 |
| Adverse Employment Action | 21 |
| Retaliation | 22 |
| III Section 1983 | 23 |
| IV. Section 1981 | 24 |
| Individual Liability Under Sections 1981 & 1983 | 25 |
| Damages | 26 |
| Damages Must Be Proximately Caused By Defendant | 27 |
| Loss of Past Earnings and Benefits (Back Pay) | 28 |
| Loss of Future Earnings and Benefits (Front Pay) | 29 |
| Mitigation of Damages | 30 |
| Compensatory Damages | 31 |
| No Inference to be Drawn from Court's Damages Instructions | 32 |
| Impartial Consideration of Evidence | 33 |
| Miscellaneous | 34 |
| Election of Foreperson | 35 |
| Deliberations | 36 |
| Unanimous Verdict and Duty to Deliberate | 37 |
| No Recommended Verdict | 38 |
| Verdict Form | 39 |
| Special Interrogatories | 40 |

# PROVINCES OF THE COURT AND JURY

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to instruct you as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in these instructions and to apply these rules of law to the facts as you find them from the evidence in the case.

The following instructions will be provided to you in writing for your use during your deliberations. Therefore, you need not try to memorize these instructions or be concerned about taking notes.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Nor are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in these instructions; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but yours.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law as given in the Court's instructions.

Counsel may properly refer to the rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and the law as stated by the Court in these instructions, you are to be governed by these instructions.

1

## ALL PERSONS EQUAL BEFORE THE LAW

This case should be considered and decided by you as an action between persons of equal standing in the community, or equal worth and holding the same or similar stations in life. Both Plaintiff and Defendants are entitled to the same fair trial at your hands. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

## COURT'S QUESTIONS TO WITNESSES

During the course of trial, I occasionally ask questions of a witness in order to clarify an answer that I can see the jury did not understand. The Court is not an advocate for either side and doesn't want to be seen as taking sides. For that reason, this Court is reluctant to participate in the questioning of witnesses, which is the function of the lawyers.

## OBJECTION BY COUNSEL

It is the duty of attorneys on each side of a case to object when the other side offers testimony or other evidence which counsel believes is not properly admissible. No juror should ever draw an unfavorable inference against an attorney who objects.

When the Court has sustained an objection to a question, you must disregard the question, and may not speculate as to what the answer of the witness might have been.

Allowing testimony or other evidence to be introduced over the objection of counsel does not indicate any opinion by the Court as to the weight or effect of such evidence. That is up to you to determine.

## EVIDENCE

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Any evidence to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded. Where I instructed you that some item of evidence was received for a limited purpose only, you must follow that instruction.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

Statements, questions, and arguments of counsel are not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence - such as the testimony of an eyewitness. When a witness testifies about what is known to the witness as personal knowledge by virtue of his or her own senses - what he or she observes and hears - that is called direct evidence.

The second type of evidence is indirect or circumstantial evidence - the proof of a chain of circumstances pointing to the existence or non-existence of certain facts. Circumstantial evidence is of the same value as direct evidence. Circumstantial evidence is evidence which tends to prove or disprove a disputed fact by proof of other facts. You infer based on reason and common sense from an established fact the existence or nonexistence of some other fact. To infer, or to make an inference, is to reach a reasonable conclusion of fact which you may, but are not required to, make from other facts which you find have been established by direct evidence. Whether an inference is made rests entirely with you. You may infer facts only from other facts that have been proved by the greater weight of evidence, but you may not infer facts from a speculative or remote basis that has not been established by the greater weight of the evidence.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with all the evidence in the case, both direct and circumstantial.

## EVALUATION OF EVIDENCE

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it. The law does not require you to accept all of the evidence I have admitted, even though it is legally admissible. In determining what evidence you will accept, you must make your own evaluation of each witness's testimony and determine the weight you choose to give that testimony. The testimony of a witness may fail to conform to the facts as they occurred because the witness is intentionally telling a falsehood, did not accurately see or hear, has faulty recollection, or has not expressed himself or herself clearly. There is no magical formula by which one may evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, state of mind, and the witness' appearance and conduct while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

A witness may also be discredited or "impeached" by contradictory evidence or by evidence that at some other time the witness has said or done something or has

7

failed to say or do something which is inconsistent with the witness's present testimony.

If a witness is shown knowingly to have testified falsely or incorrectly concerning any material matter, you may or may not choose to distrust such witness's testimony in other particulars and you may or may not reject all the testimony of that witness.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

## EXPERT TESTIMONY

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matter, in which they profess to be expert, and they may also state their reasons for the opinion.

There was one expert in this case. Dr. Way is an expert in the field of Economics.

You should consider each expert opinion, and give it such weight as you think it deserves. You are not bound to accept an expert's opinion simply because the individual is an expert. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience or if you should conclude that the reasons given in support of the opinion are not sound or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

As with other witnesses, you have the duty of deciding what weight, if any, should be given to the testimony of experts.

## CHARTS, DIAGRAMS AND SUMMARIES

As a technique to summarize testimony and evidence, the parties may prepare charts, diagrams and summaries of pertinent items. This is an acceptable technique of presentation.  Such charts, diagrams and summaries are not evidence in and of themselves.  The materials upon which they are based are evidence.

If the items listed on a summary chart are not in your opinion accurate or differ from your recollection of the evidence, you may disregard all or any part of the charts, diagrams and summaries and rely upon your recollection.

## JURY'S RECOLLECTION CONTROLS

If any reference by the Court or counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations.

In connection with notes you may have taken during the trial, neither your own notes nor those of fellow jurors should replace your own recollection, for it is possible that a note may be in error. If your personal recollection of the evidence is different than the information contained in any juror's notes, you must rely on your recollection.

## EACH PARTY ENTITLED TO THE BENEFIT OF ALL EVIDENCE

There is no significance to be attached to the fact that certain witnesses were called to the witness stand by one party rather than the other. Each party is entitled to the benefit of any evidence tending to establish its contentions, even though such evidence may have come from the other party's witnesses.

# PREPONDERANCE OF THE EVIDENCE

Plaintiff has the burden to prove every essential element of his claim by a preponderance of the evidence.  If he does not do so, then you should find for Defendants.  If you find the evidence to be evenly balanced, then you must find for Defendants.

To establish something by a "preponderance of the evidence" means simply to prove that something is more likely to be so than not so.  To put it differently, if you were to put Plaintiff's and Defendants' evidence on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on his side in order to prevail.

Plaintiff need only prove his case by a preponderance of the evidence; he need not prove his case beyond a reasonable doubt, as is necessary in criminal cases.  But speculation or mere possibility is not sufficient to support a judgment in Plaintiff's favor.  Plaintiff is not obliged to produce all of the witnesses who may know something about his case; he simply has the burden to produce sufficient evidence to prove his case by a preponderance of the evidence.

The test is not which side brings the greater number of witnesses or produces the greater quantity of testimony, but which side produces those witnesses and evidence which in your minds are the more accurate and trustworthy.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## CLAIMS OF THE PARTIES

Plaintiff alleges that the actions of Defendants Madeira City School District Board of Education, ("Board"), Chris J. Mate ("Mate") and Paul W. Imhoff ("Imhoff") violated O.R.C. Chapter 4112. Plaintiff also alleges that Defendants Mate and Imhoff violated 42 U.S.C. §1983 and 42 U.S.C. §1981. Defendants deny these claims. Both the state and federal statutes prohibit a government employer from discriminating against or harassing an employee on the basis of his race and retaliating against that employee if he complains about discriminatory conduct. The elements of racial harassment, racial discrimination and retaliation are described later in this charge.

14

## THE LAW DEFINING THE CLAIMS

## I. RACIAL DISCRIMINATION/DISPARATE TREATMENT

The Ohio Revised Code § 4112.02 provides in pertinent part:

> "It shall be an unlawful discriminatory practice:
>
>> For any employer, because of the... race... of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

In order to prove a claim of race discrimination in violation of federal and state law, Plaintiff must establish each of the following essential elements of the claim by a preponderance of the evidence:

1) Plaintiff must show that he belongs to a protected class, in this case, that he is a black man of Haitian descent;

2) He was qualified for the job;

3) He must show that he suffered an adverse employment action; and

4) He must show he was treated less favorably than a similarly situated employee who was not a member of the protected class.

Plaintiff has met the first two elements of this test. You must determine whether he suffered an adverse employment action and was treated less favorably than similarly situated white employees. Plaintiff claims constructive discharge as one type of adverse employment action which he suffered. Constructive discharge is defined for you at page 20. If Plaintiff establishes each of those elements, Defendants must articulate a legitimate, non-discriminatory reason for its employment decision.

15

Plaintiff must show that Defendants intentionally discriminated against him on the basis of his race. Plaintiff, however, is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts.

An individual suffers disparate treatment when he is singled out and treated less favorably than other similarly situated non-minority employees on account of his race. It is Plaintiff's task to demonstrate that for the same or similar conduct, he was treated differently than similarly situated non-minority employees. To be deemed similarly situated, the individual with whom Plaintiff seeks to compare his treatment must have dealt with the same supervisor, must have been subject to the same standards and have engaged in the same conduct without differentiating or mitigating circumstances that would distinguish his conduct or the employer's treatment of it.

Plaintiff need not demonstrate an exact correlation with the employee receiving more favorable treatment in order for the two to be considered similarly situated. Rather, Plaintiff and the employee with whom he seeks to compare himself must be similar in all of the relevant aspects. If you find that the compared employee is indeed similarly situated to Plaintiff, in order for you to find for Plaintiff, you must find that the differences in treatment, if any, were based on the fact that Plaintiff is black and thus were based upon race.

If either Mr. Mate or Mr. Imhoff performed an illegal act while acting within the scope of their employment, the Board is liable for that act under Ohio Revised Code Section 4112.

In order to defend against a claim of discrimination, Defendants have no burden to prove that its reasons were good, justifiable, or fair. It does not matter if you agree or disagree with Defendants' reasons. If Defendants state legitimate, non-discriminatory reasons for its determination, Plaintiff must establish by a preponderance of the evidence that the reasons stated by Defendant were pretextual and not the actual reasons and that a real reason was unlawful discrimination.

To prove his case, Plaintiff must do more than simply discredit Defendants' explanation for their employment decisions. Rather, Plaintiff must prove two things by a preponderance of the evidence:

1.    Plaintiff must prove that Defendants' stated reason for their employment

16

decisions are unworthy of belief; and

2.   Plaintiff must prove that Defendants' employment decisions were because of his race.

Plaintiff can establish pretext by showing that: (1) Defendants' proffered reasons had no basis in fact; (2) the proffered reasons did not actually motivate the adverse employment action; or (3) the proffered reasons were insufficient to motivate the adverse employment action. If you find that Defendants' reason is pretextual you may, but are not required to, conclude that Defendants' treatment of Plaintiff was based upon his race.

Although there may be more than one factor involved in Defendants' treatment of Plaintiff, Plaintiff is, nevertheless, entitled to recover if his race was one such factor and the race factor made a difference in Defendants' treatment of Plaintiff. If Plaintiff has failed to prove his race was a motivating factor in Defendants' treatment of him, you must find for Defendants.

The Plaintiff's subjective belief of race discrimination, however genuine, cannot be the basis of a finding that Defendants discriminated against him. Personal beliefs, conjecture, and speculation do not give rise to an inference of discrimination. Plaintiff must produce evidence, other than his own opinion that would lead you to reasonably conclude that, more likely than not, the reason for Plaintiff's treatment was his race.

The statutes prohibiting discrimination do not prohibit an employer from making employment decisions for reasons other than discrimination which may appear to you to be contrary to good business judgment. The statutes are not vehicles for reviewing business decisions or personality conflicts. An employer has a right to be wrong in the handling of employees or even to treat an employee unfairly as long as the employer does not discriminate against the employee based on his race.

## II. RACIAL HARASSMENT/HOSTILE ENVIRONMENT

Plaintiff's racial harassment claim is that he was subjected to an illegal racially hostile work environment at Madeira Junior/Senior High School. Defendants deny this claim.

O.R.C. §4112.02 forbids an employer from engaging in actions that discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race.

In order to establish a racial harassment claim a plaintiff must prove by a preponderance of the evidence, that (1) he is a member of a protected class; (2) he was subject to unwelcome harassment; (3) the harassment was based on his race; (4) the harassment unreasonably interfered with his work performance and created a hostile work environment; and (5) his employer knew or should have known of the racial harassment and failed to implement prompt and appropriate corrective action.

The claimed harassment must create a work atmosphere that is both objectively and subjectively hostile – that is, the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive, and the employee must subjectively regard that environment as abusive.

In determining whether the conduct is severe or pervasive enough to constitute a hostile work environment, you may consider the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

A mere unfriendly work environment is not sufficient to establish liability; rather, the workplace must be permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the employee's employment and create an abusive working environment. Simple teasing, offhand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment. Conduct must be extreme to amount to a change in the terms and conditions of employment. The law is not a general civility code; it was not designed to purge the workplace of vulgarity. The law does not prohibit all verbal or physical harassment

18

in the workplace; it is directed only at discrimination because of race.

Plaintiff must show that but for the fact of his race, he would not have been the object of harassment.

Once a plaintiff has demonstrated that the harassment was because of race and was sufficiently severe and pervasive, he must show that his employer bears responsibility for the harassment. An employer may only be liable if it fails to implement prompt and appropriate remedial action.

Further, when an employer is aware of and responds to charges of racial harassment, mere negligence as to the content of the response is not enough to make the employer liable. When an employer responds with good-faith remedial action, it can be liable for race discrimination only if that remedy exhibits such indifference as to indicate an attitude of permissiveness that amounts to discrimination.

In determining whether a hostile work environment existed, you must consider the evidence from the perspective of a reasonable person. This is an objective standard and requires you to look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Instead, you must consider the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person.

# CONSTRUCTIVE DISCHARGE

In order for Plaintiff to prove that he was subject to constructive discharge, he must demonstrate by a preponderance of the evidence that: (1) working conditions were so intolerable, difficult, or unpleasant that a reasonable person in Plaintiff's circumstances would have felt compelled to resign rather than remain employed; and (2) that a reasonable employer would have reasonably foreseen that a reasonable employee would feel forced to quit. The employee's perception must be judged objectively without consideration of the employee's undue sensitivities.

Proof of either racial harassment or retaliation alone is not sufficient to support a claim for constructive discharge. Rather, there must be other aggravating factors. However, the nature of the discrimination itself, in this case the presence or absence of hostile environment racial harassment and retaliation, may or may not be an aggravating factor that supports an employee's claim that he felt compelled to resign.

## ADVERSE EMPLOYMENT ACTION

To constitute an adverse action, a change in employment must be more disruptive than a mere inconvenience or alteration of job responsibilities. Generally, reassignments without salary or work hour changes do not amount to adverse employment action. However, an adverse action might be indicated if an employee receives significantly diminished material responsibilities. To determine whether an employment action is adverse, the factors you may consider include, but are not limited to the following:

(1)     termination of employment;

(2)     a demotion evidenced by a decrease in wage or salary;

(3)     a less distinguished title;

(4)     a material loss of income or benefits;

(5)     significantly diminished material responsibilities; and

(6)     other factors unique to a particular situation.

However, the statutes prohibiting racial harassment and retaliation do not require that an employer give special treatment to a person because of that person's race, nor do they prohibit an employer from making employment decisions for reasons other than an individual's race which may appear to you to be contrary to good business judgment. The statutes are not vehicles for reviewing business decisions or personality conflicts. An employer has a right to be wrong in the handling of employees so long as the employer does not discriminate on the basis of race. On the other hand, an employer's business decision may not be credible and may be a reason advanced to conceal unlawful discrimination.

# V. RETALIATION

Plaintiff claims that Defendants retaliated against him after he complained of racial harassment.

In order to prove a claim of retaliation, Plaintiff must establish each of the following essential elements by a preponderance of the evidence:

1)  He engaged in an activity protected by state or federal law (You are instructed that making reports and complaints of  racial discrimination and harassment are protected activities under the law);

2)    Defendants knew that Plaintiff had engaged in a protected activity;

3)    Defendants took an adverse employment action against Plaintiff after learning that he had engaged in a protected activity; and

4)    There was a causal connection between a protected activity and an adverse employment action.

To determine whether Plaintiff has established these four elements you must employ the same analysis used above in determining whether Plaintiff has proved a case of race discrimination.

## III. SECTION 1983

42 U.S.C. § 1983 provides a plaintiff with a cause of action if his constitutional rights have been violated. 42 U.S.C. §1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

In this case, Plaintiff claims that Defendants Mate and Imhoff violated his Fourteenth Amendment right to equal protection of the law. In order to maintain an action under 42 U.S.C. § 1983, a plaintiff must prove that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived the plaintiff of some right secured by the Constitution or laws of the United States.

In order to prove his claim, the burden is on the Plaintiff to establish by a preponderance of the evidence the following elements:

1)   that the Defendants intentionally performed acts that subjected Plaintiff to discrimination in the form of disparate treatment based on his race;
2)   that the Defendants acted under color of law; and
3)   that the Defendants' acts were the proximate cause of damages sustained by the Plaintiff.

The second element which Plaintiff must prove by a preponderance of the evidence is that Defendants acted under color of law. Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

# IV. SECTION 1981

     42 U.S.C. § 1981 prohibits persons, such as principals and assistant principals, from discriminating against persons on the basis of race in the making and enforcing of contracts.  Plaintiff alleges that Defendants Mate and Imhoff discriminated against him in the making and enforcing of contracts by refusing to provide him with additional pay for teaching the Quest class.

## INDIVIDUAL LIABILITY UNDER 42 U.S.C. § 1983
## AND 42 U.S.C. § 1981

For individual state actors such as Mate and Imhoff to be liable, Plaintiff must show that each engaged in active unconstitutional behavior. That is, Plaintiff must show that Mate or Imhoff participated, encouraged, authorized or acquiesced in racial harassment, racial discrimination or retaliation. An allegation that an individual school administrator failed to act or is negligent is not enough to impose § 1983 or § 1981 liability on the individual. Plaintiff must establish by a preponderance of the evidence that the individual committed a constitutional violation or violated a clearly established right of Plaintiff. Simply alleging that the individuals should have done more does not establish liability under either federal statute.

## DAMAGES

The burden of proof is on Plaintiff to establish all elements of damages. You are not permitted to award speculative damages. Damages must be reasonable. If you find that Plaintiff is entitled to a verdict, you will award him only such reasonable damages as you find from a preponderance of the evidence in this case that he has sustained as a direct result of the discriminatory conduct of the Defendant.

## DAMAGES MUST HAVE BEEN PROXIMATELY
## CAUSED BY DEFENDANT

Plaintiff must show by a preponderance of the evidence that the injury or damage for which he seeks to recover was proximately caused by Defendant's actions.  An injury or damage is proximately caused when it appears from the evidence in the case that the Defendant's acts played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of Defendant's actions.

The Defendant is not responsible for injury to Plaintiff if the actions were a remote cause and not a proximate cause.  A remote cause is an act which could not have been reasonably foreseen or anticipated as being the natural cause of any injury.

## LOSS OF PAST EARNINGS AND BENEFITS (BACK PAY)

If you find that Defendants discriminated against Plaintiff in violation of the applicable statutes, then you must determine the amount of back pay damages, if any, he is entitled to recover. Back pay runs from the date of Plaintiff's resignation from his position as a teacher to the date of your verdict. Any back pay award must be reduced by the earnings Plaintiff received after his resignation.

If you decide that Plaintiff is entitled to recover back pay, the back pay award should place Plaintiff in the position he would have been in had the resignation not occurred.

Back pay should redress the economic injury, if any, that Plaintiff has suffered as a result of the violation of his legal rights. It should include the wages, including any raises, which Plaintiff would have received had the violation of his legal rights not occurred. Back pay should also include sick leave, vacation pay, pension benefits, and other fringe benefits, if any, which Plaintiff would have received had the violation of his legal rights not occurred.

You may not award back pay based on sympathy, speculation or guesswork. On the other hand, the law does not require Plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

You must also determine whether Plaintiff made a reasonable effort to mitigate his damages.

28

## LOSS OF FUTURE EARNINGS AND BENEFITS (FRONT PAY)

In addition, if you find for the Plaintiff, you may consider an award of front pay. Front pay includes the amount the Plaintiff would have earned from the date of the verdict until the date you find the Plaintiff's loss of future pay and benefits will cease. The purpose of front pay is to temporarily compensate the Plaintiff while he seeks comparable employment, and not to give long-term compensation from the present to retirement. Among the factors to be considered in deciding the amount of front pay are the following:

1) the age of the Plaintiff and his reasonable prospects of obtaining comparable employment;

2) salary, bonuses, vacation pay, and other pay;

3) expenses associated with finding new employment; and

4) the replacement value of fringe benefits until comparable fringe benefits are obtained for a reasonable length of time.

In determining the amount of front pay, you must deduct the amount of wages and benefits you believe Plaintiff will receive from replacement income during the period of front pay awarded.

# MITIGATION OF DAMAGES

Plaintiff has an obligation to use reasonable efforts to mitigate or lessen his damages by seeking and continuing to seek comparable employment in a related field. If Plaintiff failed to make reasonable efforts to obtain comparable employment, he is not entitled to recover any damages incurred after the date he failed to mitigate.

Plaintiff, however, does not have the burden of proving that he mitigated his damages. On this issue, Defendants have the burden of showing by a preponderance of the evidence that Plaintiff did not exercise reasonable diligence in seeking comparable employment in a related field.

In order to meet its burden of proving that Plaintiff failed to mitigate damages, Defendant must show by a preponderance of the evidence that there were comparable positions available which Plaintiff could have discovered and for which he was qualified, and that Plaintiff failed to exercise reasonable diligence in seeking such employment. Even if Defendants fail to offer evidence on the issue of mitigation, its burden may be satisfied by Plaintiffs' evidence.

# COMPENSATORY DAMAGES

Compensatory damages are intended to make Plaintiff whole for any loss he may have suffered as a result of Defendant's actions. Such an award should be considered as fair and just compensation for all of Plaintiff's actual damages, no more and no less. Compensatory damages are not intended as punishment. Compensatory damages do not include back pay.

Compensatory damages cannot be based upon speculation or possibility of injury. You may award Plaintiff only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case, that he has sustained as a reasonably probable consequence of Defendant's violation of his right to be free from employment discrimination.

Compensatory damages cover the mental aspects of injury, tangible or intangible. They may include personal humiliation, mental anguish and suffering and loss of reputation, where there is competent evidence concerning such injury.

No evidence of the value of intangible things such as personal humiliation and mental anguish and suffering is necessary. With regard to this type of damage, it is not value that you are trying to determine, but an amount that will fairly compensate Plaintiff for the damages, if any, he has suffered. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any such award should be fair and just in light of the evidence. It is for the jury to determine what damages, if any, will be awarded.

## NO INFERENCE TO BE DRAWN FROM
## COURT'S DAMAGES INSTRUCTIONS

The fact that I have instructed you on the elements of damages does not mean that I have any opinion as to what damages, if any at all, you should award in this case.

## IMPARTIAL CONSIDERATION OF EVIDENCE

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of Plaintiff's complaint and Defendant's answers thereto. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

## MISCELLANEOUS

The exhibits pertaining to the issues before you and a copy of these instructions will go to the jury room with you.  All communication between yourselves and either the Court or the Clerk should be in writing, signed by the foreperson.  This, of course, does not apply to your communications with the courtroom deputy about recesses, lunch, provisions in the jury room, directions to the courthouse and the like.

## ELECTION OF FOREPERSON

Upon retiring to the jury room, you will select one of your members to act as your foreperson. The foreperson will preside over your deliberations, make certain that every juror has an opportunity to be heard, and will be your spokesperson here in Court. He or she will hand your verdict to the Clerk when you return to Court.

## DELIBERATIONS

After you adjourn to the jury room, it is your duty to deliberate on the evidence that has been presented to you. It may be helpful for you to first review the instructions I have just read to you and the verdict form which will be found in the back of the jury book. That will provide guidance for organizing and discussing the evidence that both sides have presented during the trial.

You may take a poll of the jury members regarding a verdict at any time, but a vote may be more productive after you first thoroughly discuss all the evidence before you.

## UNANIMOUS VERDICT AND DUTY TO DELIBERATE

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without abandoning your individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict or because of the time of day.

Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole intent is to seek the truth from the evidence in the case.

## NO RECOMMENDED VERDICT

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any manner what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

# VERDICT FORM

You will take one verdict form with you into the jury room. This form contains a series of questions. You will enter your unanimous findings on it by answering each question "Yes" or "No," and filling in the blanks if appropriate. When you have reached a unanimous agreement as to your verdict, the foreperson will fill in, date and sign the form. All other jurors will sign the verdict form. Then advise the Court that you are ready to return to the courtroom with your verdict by pressing the buzzer.