# United States District Court
## Southern District of Ohio
## Western Division

**JEAN-ROBERT CADET,**
    **PLAINTIFF**                         **CASE NO. C-1-01-131**
                                                **(HOGAN, M.J.)**

    VS.

**MADEIRA CITY SCHOOL DISTRICT**
**et. al.,**
    **DEFENDANTS**

___

## ORDER
___

    The parties consented to final disposition of this action by the undersigned United States Magistrate Judge. (Doc. 6). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331. On October 6, 2003, this matter came before the Court for a jury trial on Plaintiff's claims of race discrimination, racial harassment, constructive discharge and intentional infliction of emotional distress. On October 9, 2003, at the close of Plaintiff's case, Defendant moved this Court for judgment as a matter of law as to Plaintiff's discrimination claims and renewed said motion at the close of Defendant's case. Plaintiff, not surprisingly, opposes Defendant's motions. The Court heard arguments on Defendant's motions. For the reasons set forth more fully below, and in accordance with this Court's ruling from the bench, Defendant's Motions for Judgment as a Matter of Law are DENIED in part and GRANTED in part.

    Plaintiff brought this action against both the Madeira City School Board and the Madeira Junior/Senior High School Administrators, Chris Mate and Paul Imhoff, alleging that, during his tenure as a French teacher, his constitutional rights were violated when he was discriminated against and harassed because of his race. Plaintiff claims that he reported the harassment to his employer, the Defendants, but that Defendants failed to take appropriate steps to eliminate the harassment.

Finally, Plaintiff contends that Defendants treated Plaintiff less favorably than similarly situated white teachers. Plaintiff claims that Defendants compensated two white teachers for covering another teacher's classes but refused to compensate Plaintiff when he covered that teacher's classes.

Defendants deny Plaintiff's claims and contend that, prior to Plaintiff's resignation, there were several complaints about him from parents and students concerning Plaintiff's classroom management, his failure to treat the students with respect and inconsistent discipline. Plaintiff had several meetings during the school year with Mr. Imhoff and Mr. Mate to discuss parent complaints and treating the students with respect. On February 18, 2000, Plaintiff was informed that he must either accept the assignment of a mentor or resign at the end of the school year.

Defendants argue, with respect to Plaintiff's claims of harassment, that Plaintiff failed to inform them about the racial slurs on his blackboard until after the third occurrence. Plaintiff also admitted that he did not show the racial slurs to anyone and that he erased the writings before any of the Defendants could see them. Defendants claim that they investigated several suspects with respect to the racial slurs but could not verify who had written them on Plaintiff's blackboard. Defendants claim that Plaintiff did not report any further instances to them, but rather, erased all the evidence and never showed the writings to anyone. Defendants further contend that Plaintiff was not required to cover the Quest class and was not reprimanded when he quit teaching the class.

The arguments of counsel are clearly set forth on the record in this case, as well as the parties' previous memoranda on summary judgment. Each party directed this Court's attention to the relevant portions of the testimony in support of their respective positions. Their arguments are summarized as follows. Defendants contend that the Court should grant judgment as a matter of law in favor of Defendants. Defendants argue that judgment is proper with respect to the Madeira School Board because Plaintiff fails to establish a *prima facie* case under 42 U.S.C. § 1983 and § 1981 because there is no evidence of a policy or custom or any direct contact between Plaintiff and the Board members. Moreover, Defendants argue that there is no evidence that the Board acted unconstitutionally.

With respect to Plaintiff's claims against the individual Defendants pursuant to 42 U.S.C. §§ 1981 and 1983 and O.R.C. § 4112.02, Defendants argue that

Plaintiff has failed to establish that he suffered an adverse employment action. Moreover, Defendants argue that the individuals to whom Plaintiff seeks to compare himself are not similarly situated to him in all relevant aspects, but rather the individuals with whom he is similarly situated are those teachers who covered the Quest class after he declined to do so.

Defendants also contend that Plaintiff's request for punitive damages is not supported by the evidence. Defendants argue that Plaintiff has offered no evidence of malice or reckless indifference on the part of Defendants Mate and Imhoff and that an inadequate response to Plaintiff's complaints does not equate to malice.

Finally, with respect to Plaintiff's claim for intentional infliction of emotional distress, Defendants contend that Plaintiff has failed to establish a *prima facie* case, thus the Court should grant judgment as a matter of law in favor of Defendants. Defendants assert that Plaintiff has failed to demonstrate that Defendants' conduct was so extreme and outrageous as to be regarded as utterly intolerable in a civilized society. The evidence presented indicates that, while emotionally upsetting, Plaintiff's complaints of harassment were handled professionally and not in an extreme and outrageous manner. Defendants further assert that Plaintiff has failed to establish that he suffered serious emotional distress as a result of Defendants' conduct. Defendants contend that Plaintiff has offered no evidence of a severe and debilitating injury, and no evidence of any treatment or counseling sought by Plaintiff.

Plaintiff argues that his discrimination claims constitute a question for the jury. Plaintiff contends that the Board acted unconstitutionally when it offered supplemental contracts to two white teachers but not to Plaintiff. Plaintiff also argues that the Board's inaction, with respect to his complaints of racial harassment, indicates that it ratified a policy or custom of discrimination. Plaintiff contends that Defendants Mate and Imhoff's handling of his complaints differed from their handling of similar complaints from other teachers and therefore, establishes a prima facie case of disparate treatment. Finally, Plaintiff claims that Defendants' failure to investigate a student's claim of discrimination with respect to Plaintiff's treatment of her, constitutes outrageous conduct sufficient to support his claim for intentional infliction of emotional distress. As such, Plaintiff argues that he has produced sufficient evidence from which a jury could infer discrimination.

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW WILL BE DENIED IN PART AND GRANTED IN PART

Fed. R. Civ. P. 50 provides in pertinent part:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). In order to survive Defendant's motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a), Plaintiff must present sufficient evidence to establish that a controverted issue of fact exists upon which reasonable persons could differ. *Zamlen v. City of Cleveland, Ohio* 906 F.2d 209, 214 (6th Cir. 1990), *cert. denied*, 499 U.S. 936 (1991); *Hersch v. United States*, 719 F.2d 873, 876-77 (6th Cir. 1983). On a motion for judgment as a matter of law, the Court must construe the evidence in the light most favorable to the non-moving party and consider the motion without weighing the credibility of witnesses or judging the weight of the evidence. *Zamlen*, 906 F.2d at 214; *Hill v. McIntyre*, 884 F.2d 271, 274 (6th Cir. 1989). The motion may be granted only if it is clear from the evidence that reasonable minds could come to but one conclusion. *Coffy v. Multi-County Narcotics Bureau*, 600 F.2d 570, 579 (6th Cir. 1979).

### Defendants' Motion for Judgment as a Matter of Law is Granted as to Plaintiff's § 1981 & § 1983 Claims Against the Defendant School Board

Defendants' motion is granted as to Plaintiff's claims under 42 U.S.C. §§ 1981 and 1983 against the Defendant Madeira School Board. The Court finds that Plaintiff has identified no policy or custom on the part of the School Board which resulted in harm to him nor has he presented evidence of any such custom or policy. Moreover, Plaintiff's testimony revealed that there had been no contact between the Board and himself. Finally, because there is no respondeat superior liability under 42 U.S.C. §§ 1981 and 1983, *see Monell v. Dep't of Social Servcs.*, 436 U.S. 658, 691 (1978), Plaintiff must show that the Board, in fact, acted unconstitutionally. Plaintiff has produced no evidence of any such action. The

Board took no part in the decision to switch Plaintiff's French classes, nor was it involved in the decision not to pay Plaintiff for covering the Quest class. There was no evidence presented that the Board was made aware that Plaintiff was not being compensated for covering the Quest class. The evidence presented indicated that the Board was informed only that compensation was being requested for two teachers who took over another teacher's language classes. For these reasons, the Court finds that Plaintiff has failed in his burden and judgment as a matter of law is appropriate. Therefore, Defendants' motion is granted as to Plaintiff's §§ 1981 and 1983 claims against the Defendant School Board.

## Defendants' Motion for Judgment as a Matter of Law
## is Denied as to Plaintiff's § 1983 & § 1981 Claims Against Defendants Imhoff and Mate

Defendant's motion is denied as to Plaintiff's harassment and discrimination claims under the 42 U.S.C. §§ 1981 and 1983. The Court finds that there was adequate proof of the elements in Plaintiff's claims to allow a jury to resolve the matter. Plaintiff has presented sufficient evidence to establish a prima facie case of race discrimination. Defendants argue that there has been no evidence of an adverse employment action; however, Plaintiff asserts that the adverse employment action in question is his alleged constructive discharge. The evidence thus far is sufficient to support Plaintiff's claim that he suffered an adverse employment action in the form of constructive discharge. While Defendants dispute many of Plaintiff's factual allegations, it is for the trier-of-fact to resolve those factual issues and to determine whether Plaintiff was subjected to harassment and disparate treatment which would have made his working conditions so unbearable that a reasonable person in his position would have felt compelled to resign.

Plaintiff has likewise presented sufficient evidence to support his hostile environment claim. Factual issues exist as to whether the conduct to which Plaintiff was allegedly subjected was sufficiently severe and pervasive to constitute actionable racial harassment, whether Defendants knew or should have known of the harassment by students, and whether Defendants implemented prompt and appropriate corrective action.

Thus, the evidence clearly raises factual disputes on the issues discussed above which can only be resolved by the trier of fact. Accordingly, Defendants' Motion for Judgment as a Matter of Law is DENIED as to Plaintiff's claims against the individual defendants under 42 U.S.C. §§ 1981 and 1983.

### Defendants' Motion for Judgment as a Matter of Law is
### Denied as to Plaintiff's Discrimination Claims
### under O.R.C. § 4112

Because the reasoning for our decision with respect to Plaintiff's claims under O.R.C. § 4112 against the individual Defendants is the same as that discussed previously, *see supra* at p. 6, we need only address Plaintiff's claims under this statute as they relate to the Defendant School Board.  We previously found that Plaintiff has presented sufficient evidence to support his allegations of racial harassment and discrimination on the part of the individual Defendants, but that in the absence of unconstitutional action on the part of the School Board, Plaintiff's §§ 1981 and 1983 claims must fail.  In contrast, under O.R.C. § 4112, respondeat superior liability does exist.  If either Defendant Mate or Defendant Imhoff performed an illegal act while acting within the scope of their employment, the Board is liable for that act under Ohio Revised Code § 4112.

As stated previously, Plaintiff has presented sufficient evidence with respect to his claims of racial harassment and discrimination on the part of the individual Defendants to allow the jury to resolve the matter.  As such, the jury must also resolve the matter of the Defendant Board's liability for any unlawful conduct on the part of Defendants Mate and Imhoff.

### Defendants' Motion for Judgment as a Matter of Law
### is Granted as to Plaintiff's Claim for
### Intentional Infliction of Emotional Distress

The evidence is insufficient to support Plaintiff's claim for intentional infliction of emotional distress.  The proof at trial in support of this claim relates to the conduct of Defendants Chris Mate and Paul Imhoff.  Plaintiff contends that when a student complained about his treatment of her, Defendants failed to investigate the incident and accused him of discriminating against the student by asking Plaintiff why she would lie.  Plaintiff claims this conduct was outrageous.

Plaintiff was distressed and unhappy with his treatment during his tenure as a teacher at Madeira Junior/Senior High School but exhibited no signs of depression, i.e., loss of sleep, changes of behavior and attitude.

Under Ohio law, where a defendant's extreme and outrageous conduct

intentionally or recklessly causes severe emotional distress to plaintiff, defendant is liable for such emotional distress and any bodily harm that results from such conduct. *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen, and Helpers of America*, 453 N.E.2d 666, 671 (Ohio 1983). Liability is found only where the conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious in a civilized community." *Id.* It is not enough that defendant acted with a tortious intent or that he intended to inflict emotional distress or acted with malice such that plaintiff would be entitled to punitive damages for another tort. *Id.* Liability does not extend to mere insults, indignities, threats, annoyances or other trivialities. *Id.* To prevail on a claim for tortious infliction of emotional distress, plaintiff must demonstrate that the employer's conduct was extreme and outrageous and caused the employee severe emotional distress. *Condon v. Body, Vickers, and Daniels*, 649 N. E.2d 1259, 1265 (Ohio Ct. App. 1994). The distress must be severe and debilitating, but plaintiff need not demonstrate a physical injury. *Id.*

While Defendants' response to Plaintiff's complaints of discrimination and harassment may have caused Plaintiff emotional upset, there is no evidence that Defendants' conduct was extreme and outrageous. Defendants' behavior was not so extreme or outrageous as to exceed the bounds of decency or which would constitute atrocious and utterly intolerable conduct. Defendants' treatment of Defendant and their response to Plaintiff's complaints may have been inadequate in Plaintiff's mind but Plaintiff cannot recover for any emotional distress which may have resulted from Defendants' conduct. *See Condon*, 649 N.E.2d at 1265. As such Defendants' Motion for Judgment as a Matter of Law as to Plaintiff's claim for intentional infliction of emotional distress is GRANTED.

### Defendants' Request to Strike Plaintiff's Request for Punitive Damages is Denied.

Finally, Defendants request that the Court strike Plaintiff's request for punitive damages in this case as Plaintiff has failed to establish either malice or reckless indifference in the part of Defendants. We find it premature to reach this issue at this point in the trial and therefore, deny Defendants' motion to strike Plaintiff's request for punitive damages.

### IT IS THEREFORE ORDERED THAT:

    Defendants' Motion for Judgment as a Matter of Law is GRANTED in part and DENIED in part consistent with the Court's decision herein.

SO ORDERED.

Date 10/22/03                                          <u>     s/Timothy S. Hogan     </u>
                                                            Timothy S. Hogan
                                                            United States Magistrate Judge

P:\TSH\Law Clerks\directver.wpd