UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEAN-ROBERT CADET | CASE NO.  C-1-01-131 |
|     Plaintiff | (Magistrate Timothy Hogan) |
| vs | |
| MADEIRA CITY SCHOOL DISTRICT BOARD OF EDUCATION | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR BILL OF COSTS** |
| MICHELE W. HUMMEL | |
| CHRIS J. MATE | |
| PAUL W. IMHOFF | |
|     Defendants | |

"Plaintiff's Exceptions and Objections to Defendants' Bill of Costs" is incorrect in two principal respects.  First, Columbus, Ohio _is_ within the Southern District of Ohio, and the amount paid to Clare Stork for her attendance as a witness was the amount prescribed by law.  Second, contrary to plaintiff's representation, this Court does not require prior approval for the assessment of deposition expenses as costs.  On Page 7 of the "Court's Guidelines for Attorney's Taxation of Court Costs in the Southern District of Ohio", the following language appears:

> It is the policy of this court to tax costs on depositions used and read into the record at a hearing or at trial.  This is by means of direct,

indirect, impeachment or rebuttal testimony. The expense of producing exhibits to a deposition and notary fees incurred in its taking are taxable costs. It is the policy of this court to tax costs on depositions that were used in successful motions for summary judgments, motions to dismiss, and motions to quash.

All the depositions which defendants have submitted for payment were used at the trial of this matter, and are clearly appropriate for taxation against plaintiff.

Plaintiff has also opposed, without asserted reason, defendants' claim for the service fees and mileage to Cindy Cadet. Defendants are unaware of the basis for plaintiff's objection to these costs. Cindy Cadet was not a party to the case, and defendants were required to compel her attendance at trial. The fact that plaintiff called her in his case, and it was not necessary for defendants to recall her, does not change the fact that defendants could not voluntarily obtain her appearance. If Mrs. Cadet wishes to return the fees and mileage which were tendered to her, defendants will withdraw this item from consideration. Indeed, it is somewhat ironic that Mrs. Cadet, who is married to the plaintiff, wishes to keep this money. If she does not want it to be taxed against her husband, she should refund it to defendants.

Accordingly, the costs submitted by defendants are proper in all respects, and should be taxed in this matter.

/s/ R. Gary Winters
R. Gary Winters  0018680
Bernard W. Wharton  0063487
Attorneys for Defendants
McCASLIN, IMBUS & McCASLIN

2

Suite 900 Provident Bank Building
632 Vine Street
Cincinnati, OH  45202-2442
(513) 421-4646

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of December, 2003, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

> s/ R. Gary Winters
> R. Gary Winters   0018680
> Bernard W. Wharton 0063487
> Attorneys for Defendants, Madeira City
> School District Board of Education, Michele
> W. Hummel, Chris J. Mate, Paul W. Imhoff
> Suite 900 Provident Building
> 632 Vine Street
> Cincinnati, OH 45202-2442
> (513) 421-4646 (phone)
> (513) 421-7929 (fax)
> rgarywinters@zoomtown.com
> bwharton@zoomtown.com