UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEAN-ROBERT CADET, | : | Case No. C-1-01-131 |
| | | Magistrate Judge Hogan |
| Plaintiff, | : | |
| vs. | : | |
| | : | PLAINTIFF'S MOTION TO REVIEW CLERK'S |
| MADEIRA CITY SCHOOL DISTRICT BOARD OF EDUCATION, et al., | : | TAXATION OF COSTS AND MEMORANDUM IN SUPPORT |
| Defendants. | : | |

## MOTION

Pursuant to Fed. R. Civ. P. 54 (d), Plaintiff hereby requests that the Court review the Clerk's taxation of Defendants' costs to Plaintiff in the above-captioned case and deny Defendants' request for costs. A Memorandum in Support is attached to this Motion.

Respectfully submitted,

/s/ Rhonda S. Frey
W. Kelly Lundrigan    (0009189)
Rhonda S. Frey        (0067343)
MANLEY BURKE
225 Court Street
Cincinnati, Ohio  45202
(513) 721-5525
ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

MANLEY BURKE
225 West Court Street
Cincinnati, Ohio  45202

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
FAX No. (513) 721-4268

## MEMORANDUM IN SUPPORT

The decision whether to tax costs is left to the sound discretion of the Court. Spalding & Evenflo Companies, Inc. v. Graco Metal Products, Inc., 1992 WL 109092 (N.D. Ohio), citing Wright Miller & Kane, Federal Practice and Procedure § 2668 (2nd ed. 1983). The court further explained:

> Although a party has prevailed so that normally he is entitled to costs, when the exercise of sound discretion warrants, the district court may direct otherwise by apportioning one item of costs or the entire cost; by requiring each party to bear its own cost; or by making some other equitable provision, including the disallowance of particular items.

Id., quoting 6 Moore, Taggart & Wicker, Moore's Federal Practice Par. 54.70[5] (2nd ed. 1991).

The losing party's ability to pay as well as a determination whether he pursued the action in good faith are factors that a court may consider in deciding whether to tax costs against a losing party. Yadav v. Brookhaven Nat'l Lab., 219 F.R.D. 252 (E.D.N.Y. 2004). In Bowen v. Jameson Hospitality, LLC, 2002 WL 1756233 (S.D. Ga.), an employee sued her former employer, alleging that she was fired in retaliation for her opposition to discrimination by her supervisor. The court granted summary judgment to the employer but declined to tax costs against the employee because the case was "not frivolous or clearly without merit" and the employee lacked the financial resources to pay the defendant's costs. Id.

Whether to tax costs against Plaintiff in this case is within the sound discretion of the Court, and the Court is free to consider other factors in reaching a decision, such as Plaintiff's good faith in pursuing this matter and his inability to pay additional costs. See Spalding, 1992 WL 109092; See Yadav, 219 F.R.D. 252.

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
Fax No. (513) 721-4268

Unlike the plaintiff's allegations in <u>Bowen</u>, the majority of Plaintiff's claims in this case survived summary judgment and proceeded to trial. Plaintiff brought his claims in good faith, and his case was certainly "not frivolous or clearly without merit." <u>Id.</u> In addition, Plaintiff incurred more than $ 8,500 in expenses in pursuing his case and cannot afford to pay Defendants' costs as well.

Plaintiff testified in his deposition and at trial about his efforts following his departure from Madeira to find another teaching job and about the obstacles with which he has been confronted. He testified that he earns, from his part-time teaching position and from lecturing on child slavery at various universities around the country, approximately $12,000 per year. (Deposition of Jean Cadet, pp. 62, 67) Plaintiff's wife is likewise a teacher, and they have two (2) children. (Deposition of Cindy Cadet, pp. 5-6, 9). Plaintiff and his family clearly do not have the financial resources to pay Defendants' costs in this matter.

The Court need not feel compelled in this instance to grant Defendants' requests for costs, and Plaintiff urges the Court to consider his good faith claims and his inability to endure further expense. Plaintiff hereby appeals to the Court's sense of fairness and asks that Defendants' request for costs be denied.

Respectfully submitted,

/s/ Rhonda S. Frey
W. Kelly Lundrigan    (0009189)
Rhonda S. Frey        (0067343)
MANLEY BURKE
225 Court Street
Cincinnati, Ohio  45202
(513) 721-5525

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
Fax No. (513) 721-4268

OF COUNSEL:

MANLEY BURKE
225 West Court Street
Cincinnati, Ohio  45202

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion and Memorandum were sent by regular U.S. mail, postage prepaid, on the 15th day of April, 2004, to all parties entitled to service under Rule 5 of the Federal Rules of Civil Procedure.

/s/ Rhonda S. Frey
Rhonda S. Frey

**SERVICE LIST:**

R. Gary Winters
Bernard W. Wharton
McCaslin, Imbus & McCaslin
632 Vine Street, Suite 900
Cincinnati, Ohio  45202-2442

N:\CLIENTS\Cadet\Pleadings\Motion to Retax.RSF.wpd

MANLEY BURKE
A LEGAL PROFESSIONAL ASSOCIATION

225 WEST COURT STREET
CINCINNATI 45202-1098
(513) 721-5525
Fax No. (513) 721-4268

**Westlaw.**

Not Reported in F.Supp.  
(Cite as: 1992 WL 109092 (N.D.Ohio))

Page 1

**H**  
Only the Westlaw citation is currently available.

United States District Court, N.D. Ohio, Eastern Division.

SPALDING & EVENFLO COMPANIES, INC., Plaintiff,  
v.  
GRACO METAL PRODUCTS, INC., Defendant.

No. 5:90 CV 0651.

Feb. 14, 1992.

Christopher B. Fagan, Fay, Sharpe, Beall, Fagan, Minnich & McKee, Cleveland, Ohio, for plaintiff.

George W. Rooney, Jr., Roetzel & Andress, Akron, Ohio, Benjamin Lerner, David C. Kurland, Hangley, Connolly, Epstein, Chicco, Foxman & Ewing, Philadelphia, Pa., 215-851-8400 Ross J. Oehler, Joel Goldhammer, Panitch, Schwarze, Jacobs & Nadel, Philadelphia, Pa., for defendant.

*ORDER*

DOWD, Judge.

*I. INTRODUCTION*

*1 Before the Court in the above-captioned case is plaintiff Spalding & Evenflo Companies, Inc.'s ("Evenflo") second amended bill of costs (Docket No. 144) and brief in support (Docket No. 145). Also before the Court is defendant Graco Metal Products, Inc.'s ("Graco") brief in opposition to plaintiff's original bill of costs and cross motion for sanctions and an award of attorney's fees (Docket Nos. 136 and 137), plaintiff's brief in opposition (Docket No. 138), and Graco's response to plaintiff's second amended bill of costs (Docket No. 146). Plaintiff originally submitted a bill of costs which the Court found to be lacking in support for numerous items charged. Accordingly, the Court granted plaintiff leave to file an amended bill of costs with appropriate substantiation for items charged.

On May 31, 1991, following a jury trial in this patent non-infringement case, judgment was entered in favor of Evenflo. The Judgment Entry granted Evenflo recovery of its costs. In accordance with Rule 54(d) of the Federal Rules of Civil Procedure, Evenflo seeks the following items of costs: 1) fees of the Clerk; 2) fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case; 3) fees for witnesses; 4) fees for exemplification and copies of papers necessarily obtained for use in the case; 5) other costs; 6) computer charges; and 7) additional discovery. Evenflo's second amended bill of costs requests a total of $18,863.41.

Graco objects to Evenflo's bill of costs as being unreasonable, excessive, and without basis in law and requests that this Court award it sanctions by disallowing any costs to Evenflo and awarding Graco attorney's fees for the preparation of its brief in opposition. Graco raises specific objections to each of the items sought by Evenflo as costs. The Court will, therefore, address each item separately and determine whether it is properly taxable as costs.

*II. DISCUSSION*

Rule 54(d) of the Federal Rules of Civil Procedure provides as follows:

Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Fed.R.Civ.P. 54(d).

The kinds of expenses that a federal court may tax as costs against the losing party are set forth in 28

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.  
**(Cite as: 1992 WL 109092 (N.D.Ohio))**

Page 2

U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987). That section provides that:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

*2 (3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. The Supreme Court has indicated that "§ 1920 defines the term 'costs' as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford*, 482 U.S. at 441-42.

The decision as to whether to allow or disallow costs or particular items of costs is a matter left to the sound discretion of the court. Wright, Miller & Kane, *Federal Practice and Procedure* § 2668 (2d ed. 1983). Thus, "[a]lthough a party has prevailed so that normally he is entitled to costs, when the exercise of sound discretion warrants, the district court may direct otherwise by apportioning one item of costs or the entire cost; by requiring each party to bear its own cost; or by making some other equitable provision, including the disallowance of particular items." 6 Moore, Taggart & Wicker, *Moore's Federal Practice* Par. 54.70[5] (2d ed. 1991).

The Court now turns to a detailed examination of the particular items plaintiff seeks to have taxed as costs.

*A. Fees of the Clerk*

Evenflo seeks the $120.00 filing fee it paid to be taxed as costs. 28 U.S.C. § 1920 specifically provides that a district court may tax as costs fees of the clerk. Defendant agrees that this item is taxable as costs but argues that the Court should disallow it as a form of sanctions against Evenflo. The Court does not find Graco's argument persuasive on this point and finds that Evenflo is entitled to the $120.00 requested as fees of the clerk.

*B. Fees for the Court Reporter for all or any part of the transcript necessarily obtained for use in the case*

*1. Deposition Transcripts*

Evenflo requests costs in the amount of $3,030.10 under this category and indicates that it requests costs in two subcategories under this heading: 1) Deposition transcripts, and 2) Expedited daily copy of the trial transcript. Graco objects to these items being taxed as costs and asserts that Evenflo has not demonstrated that the depositions or the daily transcripts were necessarily obtained for use in the case.

Generally, if depositions were actually introduced in evidence or used at trial for impeachment purposes, then it is proper for the court to conclude that they were necessarily obtained for use in the case and to tax the costs of the depositions. Wright, Miller & Kane, *supra* at § 2676. Likewise, even if the deposition was not actually used at trial, deposition costs may be taxed if there was a reasonable need for the deposition that related to the trial. *Kaimowitz v. Howard*, 547 F.Supp. 1345, 1353 (E.D.Mich.1982). If a court finds that the expense of a deposition is taxable, "the prevailing party clearly is entitled to recover the fee of the officer presiding at the examination.... Also taxable are postage, notarial certificates, and witness fees incurred in connection with the examinations." Wright, Miller & Kane, *supra* at § 2676.

*3 The Court finds that plaintiff has sufficiently supported the request for the costs of the fees of the court reporter for the pretrial deposition transcripts of the following individuals: Donald R. Bahr, Richard W. Glover, Allen Seymour, John V.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Case 1:01-cv-00131-TSH    Document 84    Filed 04/15/2004    Page 7 of 12    Page 4 of 8

Not Reported in F.Supp.  
(Cite as: 1992 WL 109092 (N.D.Ohio))

Page 3

Mariol, Jerome Drobinski, Nathanael Saint, and James M. Dillner. Defendant Graco objects to the request for the fees associated with the pretrial deposition transcripts because Graco contends that Evenflo has not demonstrated that the depositions were necessarily obtained for use in the case. Plaintiff has demonstrated that the deposition transcripts were used to formulate plaintiff's proposed comprehensive fact stipulation. Likewise, plaintiff has pointed out that each of the deponents was called as a witness at trial except for Dillner and portions of Dillner's deposition transcript were read into evidence at trial. The Court finds that the depositions were necessarily obtained for use in the case and that accordingly it is proper to tax the costs of pretrial depositions in the amount of $2312.10.

*2. Expedited copy of the daily transcript of the first two days of the trial*

The Court notes that "[a]s is the case with depositions, the cost of trial transcript is not allowed if procured primarily for the convenience of counsel." *Hill v. BASF Wyandotte Corp.,* 547 F.Supp. 348, 352 (E.D.Mich.1982) (citation omitted). In determining whether a transcript was necessary in a case, a court considers factors such as the length of the trial and the complexity of the issues. *Id.* (citation omitted).

The Court finds that the cost of the expedited copy of a daily transcript is not properly awarded Evenflo in this case. The trial of the matter was not lengthy. Nor does the Court find that the case was particularly complex such that expedited daily copy was necessitated. Likewise, Evenflo does not indicate that it informed the Court or sought the Court's prior approval before ordering daily copy. *See, e.g., Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624, 640 (6th Cir.1979) (court stating that "[i]t would be advisable for litigants to obtain authorization from the district court before incurring large items of expense").

For the reasons cited, the Court denies Evenflo's request for $718.00 attributable to half of the cost of the expedited daily transcript of the trial in the above-captioned case. [FN1]

In sum, the Court taxes as costs in the category of fees for the court reporter a total of $2,312.10.

*C. Fees for Witnesses*

Evenflo next seeks fees for witnesses. 28 U.S.C. § 1920(3) allows a district court to tax as costs fees and disbursements for witnesses. 28 U.S.C. § 1821 sets forth the statutory witness fees. Section 1821(b) provides that a witness shall be paid an attendance fee of $40 per day for each day's attendance plus an attendance fee for days spent in travelling to and from the place of attendance. Travel allowances are given for the following: 1) actual expenses of travel by common carrier, provided the use of common carrier was reasonable and by the shortest practical route, 28 U.S.C. § 1821(c)(1); 2) mileage allowance, equal to the travel allowance given to federal employees for official travel, for travel by privately owned vehicle, 28 U.S.C. § 1821(c)(2); 3) toll charges, taxicab fares, and parking fees, 28 U.S.C. § 1821(c)(3); and 4) all normal travel expenses, 28 U.S.C. § 1981(c)(4). Subsistence allowances, not to exceed the maximum *per diem* allowance for official travel by federal employees, are paid to witnesses when an overnight stay is necessitated due to distance. 28 U.S.C. § 1821(d).

*4 Evenflo seeks costs for witnesses for depositions and for trial. Each will be considered in turn.

*1. Deposition Witnesses*

A court may provide for payment of the expenses of taking depositions. *Haymes v. Smith,* 73 F.R.D. 572, 574 (W.D.N.Y.1976). The determination as to which party will pay transportation and related expenses rests in the court's discretion. *Id.*

Evenflo has requested payment of deposition expenses for five (5) deponents: Donald R. Bahr, Allen Seymour, John V. Mariol, Richard Glover, and Gilbert C. Born.

Graco objects to payment of deposition costs for Bahr, Seymour, and Glover on the ground that they are real parties in interest since they were the witnesses offered by Evenflo in response to Graco's deposition notice pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Graco further objects to payment of costs for all travel to Cleveland since it alleges that this location was agreed upon by the parties as a convenience for Evenflo's counsel. Finally, Graco objects to payment of any costs for Born. Evenflo alleges

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.  
(Cite as: 1992 WL 109092 (N.D.Ohio))

Page 4

that it incurred considerable cost in producing Born, its expert witness, for a deposition which was cancelled at the last minute by Graco. It seeks the costs as a "sanction." Graco asserts that Evenflo should file an appropriate motion for sanctions.

Graco's point that Bahr, Seymour, and Glover are "quasi-parties" is well-taken, as is its assertion that Cleveland was selected as the location for depositions as a convenience to Evenflo's counsel.

Therefore, the Court finds that the cost of the depositions of Bahr, Seymour, Glover are disallowed. The expenses for Mariol's deposition should be evenly shared by the parties.

The situation with Born is different. Apparently Graco noticed the deposition and then, when Born was already on his way to Cleveland, cancelled the deposition. Rule 30(g) of the Federal Rules of Civil Procedure permits a court to order payment of costs by a party who gives notice of a deposition and then fails to attend. Graco, by giving late notice of the cancellation, constructively failed to attend. The Court finds that it is appropriate to tax these costs to Graco pursuant to Rule 30(g).

In sum, Graco is required to pay the following for deposition witnesses: for Mariol's deposition, $26.25 and for Born's cancelled deposition, $1914.40. [FN2] This is a total of $1940.65.

*2. Trial Witnesses*

Evenflo has requested payment of expenses for the following witnesses: Donald R. Bahr, Allen Seymour, Richard Glover, John Mariol, Gilbert C. Born, Bill Ritchey, Jim Gullett, and Sid Brodsky.

Graco objects to paying expenses for Donald R. Bahr because he was identified to the Court and jury as inside patent counsel for Evenflo. It also asserts that Bahr, Seymour, and Glover should be treated as "quasi-parties" for whom, in the Court's discretion, costs may be denied. Further, Graco objects to paying travel expenses for any person coming from southwest Ohio because Evenflo, headquartered in the Southern District of Ohio, chose to file its case in the Northern District. Finally, Graco objects to the itemizing of expenses of expert witness Born.

*5 The Court agrees plaintiff is not entitled to expenses for Bahr, despite the fact that he testified for a short time on the first day of the trial. As co-counsel for plaintiff, he would undoubtedly have been present at the trial anyway. *Paul N. Howard Co. v. Puerto Rico Aqueduct & Sewer Authority,* 110 F.R.D. 78, 83 (D.P.R.1986) (expenses of co-counsel should not be taxed as costs). The Court also accepts the characterization of Seymour and Glover as "quasi-parties" and, therefore, denies any costs or expenses associated with their appearance as witnesses at the trial.

Plaintiff is entitled to costs for witnesses Mariol, Ritchey, Gullett, and Brodsky. It is, of course, entitled to the $40 statutory witness fee for each day the witnesses were required at trial. 28 U.S.C. § 1821(a). Travel expenses not in excess of one hundred (100) miles will be taxed as costs, [FN3] *Linneman Construction, Inc. v. Montana-Dakota Utilities Co.,* 504 F.2d 1365, 1370-71 (8th Cir.1974); *Mastrapas v. New York Life Insurance Co.,* 93 F.R.D. 401, 406 (E.D.Mich.1982), at the permissible rate of twenty-five cents ($0.25) per mile, 5 U.S.C. § 5704(a)(2). Finally, lodging, meals, and incidental expenses will be taxed in an amount that does not exceed the maximum *per diem* subsistence allowance prescribed by the Administrator of General Services pursuant to 5 U.S.C. § 5702(a) and 28 U.S.C. § 1821(d)(1). Currently, this is $84.00 for Akron, Ohio, with lodging not to exceed $58.00 per day and meals not to exceed $26.00.

Therefore, the following expenses are taxed as costs:

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.  Page 5
(Cite as: 1992 WL 109092 (N.D.Ohio))

```
Mariol
   Travel [FN4]
      personal automobile mileage      $100.00
   Lodging (2 nights)                   108.00
   Meals                                 52.00
   Statutory witness fee (4 days)      160.00

Ritchey
   Travel expense & statutory witness fee   75.00

Gullett

   Travel expense & statutory witness fee   75.00

Brodsky
   Travel expense & statutory witness fee   75.00
```

Regarding the itemization of the expert witness Born's costs: Evenflo is entitled to recover costs allowed for witnesses in general under 28 U.S.C. §§ 1821, 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-43 (1987); *Card v. State Farm Fire & Casualty Co.,* 126 F.R.D. 658, 661 (N.D.Miss.1989). Accordingly, the following items are taxed as costs:

```
Born
   Travel
      Airline                          $238.00
      Ground Transportation              51.40
      Parking                            13.00
      Lodging                            54.00
      Statutory Witness Fee (2 days)     80.00
```

In sum, Graco is taxed the following costs in the category of witness fees: $1940.65 for deposition witnesses and $1081.40 for trial witnesses for a total of $3022.05 in the witness fees category.

*D. Fees for exemplification and copies of papers necessarily obtained for use in case*

The cost of photocopying documents necessarily obtained for use in the case are taxable under 28 U.S.C. § 1920(4). This includes such costs as copying pleadings, exhibits, documents, and all necessary papers. *State of Illinois v. Sangamo Construction Co.,* 657 F.2d 855, 867 (7th Cir.1981); *Card v. State Farm Fire & Casualty Co., supra,* 126 F.R.D. at 661.

*6 The copying costs identified by Evenflo are for "necessary papers." Therefore, the following are taxed as costs in this category:

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.  
(Cite as: 1992 WL 109092 (N.D.Ohio))

Page 6

```
File wrappers [FN5]
    U.S. Patent No. 304,523                         $107.80
    U.S. Patent No. 4,811,437                        376.90
Obtaining and copying documents                     2179.76
Certified copy of U.S. Patent No. 304,523 [FN6]      351.30
Photocopies and exhibit enlargement                  460.90
```

In sum, in the category of exemplification and copies, a total of $3,476.66 is taxed as costs.

*E. Other costs*

Plaintiff lists as "other costs" the developing, processing, and enlarging of photographs and the purchase of a model play yard, all of which were used at trial. Evenflo also lists the rental of a TV/VCR combo for use in court. All of these items are actually encompassed by the category of fees for exemplification and are thus allowable if they were necessary to assist the jury in understanding the issues. The Court finds that they were necessary.

Therefore, the following are taxed as costs to Graco:

```
Developing, processing and enlarging photographs  $499.14
TV/VCR rental                                       26.38
Model play yard                                     96.29
```

In sum, a total of $621.81 is taxed as costs in this category.

*F. Computer charges*

Plaintiffs list $1820.74 in charges for on-line use of computer-assisted legal research. Courts are split on whether this is an expense taxable as costs. The Sixth Circuit has not spoken on the issue and this Court finds that such expenses are not taxable as costs because, as defendant aptly asserts, this would be tantamount to charging the losing party for the prevailing party's law library books. Therefore, this entire category of costs is disallowed.

*G. Additional Discovery*

Evenflo asserts that it is entitled to costs associated with having its in-house counsel present on October 2, 1990 for a document inspection requested by Graco. Evenflo claims that Graco must bear these costs pursuant to this Court's order of September 26, 1990 wherein plaintiff was ordered to immediately provide defendant, "at defendant's cost," with documents defendant had requested. In the alternative, defendant was permitted by the order to inspect the documents at plaintiff's Piqua, Ohio plant.

Evenflo misinterprets the meaning of this order. Defendant was to bear the cost only if plaintiff were put to the extra expense and inconvenience of doing the work of finding and copying the documents for Graco. [FN7] This was not the case. Plaintiff is essentially asking for attorney costs which are simply part of practicing law.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.
**(Cite as: 1992 WL 109092 (N.D.Ohio))**

Page 7

Therefore, the costs listed in the category of additional discovery are disallowed.

### III. CONCLUSION

Accordingly, a total amount of $9552.62 is taxed as costs to Graco in the above-captioned action. Further, the Court denies Graco's cross motion for sanctions and attorney fees (Docket Nos. 136 and 137).

IT IS SO ORDERED.

FN1. The Court notes as well that Graco states that the parties agreed to share the costs of the trial transcript and now Evenflo is attempting to renege on its bargain.

FN2. This figure subtracts $34.49 from the lodging expense and $11.77 from the meals expense because of the *per diem* limits placed on these items. *See* discussion at the top of page 12, *infra.*

FN3. In *Farmer v. American Arabian Oil Co.,* 379 U.S. 227, 231-32 (1964), the Supreme Court held that it was within a court's discretion to tax as costs expenses for travel beyond the one hundred mile limit of the court's subpoena power. In the instant case, since it was plaintiff's choice of forum which necessitated travel from outside this district, the Court finds, in its discretion, that the 100-mile rule should apply.

FN4. Mariol's round trips to Akron were five hundred (500) miles for each of two trips. However, following the 100-mile rule, he is allowed only two hundred (200) miles for each round trip, for a total of four hundred (400) miles at $0.25 per mile.

FN5. The cost of forwarding via Federal Express of these two items is disallowed because there is no showing that this particular delivery method was required and the Court finds that there were undoubtedly less expensive, though perhaps more time consuming, methods available.

FN6. *See* footnote number 4 regarding Federal Express charges.

FN7. For example, in section (D) above, the Court allowed $2179.76 for the cost to plaintiff of document production requested by defendant.

1992 WL 109092 (N.D.Ohio)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Westlaw.

Not Reported in F.Supp.2d                                                                                      Page 1
(Cite as: 2002 WL 1756233 (S.D.Ga.))

H
Only the Westlaw citation is currently available.

United States District Court, S.D. Georgia, Savannah Division.

Jennifer BOWEN, Plaintiff,
v.
JAMESON HOSPITALITY, LLC d/b/a/ Jameson Inn,, Defendant.

No. CV401-36.

May 24, 2002.

### ORDER

MOORE, District J.

*1 Before the Court is Plaintiff's Objection to Assessment of Costs. Plaintiff filed suit in this case on January 17, 2001, alleging that she was fired in retaliation to her opposition to discrimination by her supervisor. On April 11, 2002, this Court granted summary judgment to Defendant on Plaintiff's claim of retaliation. Subsequent to the Court's April 11, 2002 order, Defendant filed a Bill of Costs seeking to recover $1,031 for the Court Reporter's transcript of Plaintiff's deposition. Plaintiff now asks that the Court deny Defendant's request for these costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed.R.Civ.P. 54(d). Thus, the decision to tax costs is left to the discretion of the Court. *Id.; Trammel Realestate Corp. v. Trammel*, 748 F.2d 1516, 1517 (11th Cir.1984) ("Whether to tax costs is a matter left to the district court's discretion.").

Here, the Court finds that Plaintiff should not have to pay costs. Plaintiff's case, though dismissed at summary judgment, was not frivolous or clearly without merit. Moreover, the Court finds that Plaintiff does not have the financial resources to pay costs. Accordingly, the Court SUSTAINS Plaintiff's Objection and DENIES Defendant's request for costs.

### ORDER

Before the Court is Defendant's Motion for Reconsideration Regarding the Court's Order Denying Defendant's Costs Under Rule 54(d)(1). Defendant's motion is DENIED.

2002 WL 1756233 (S.D.Ga.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works