# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| JEAN-ROBERT CADET, <br> PLAINTIFF | CASE NO. C-1-01-131 <br> (HOGAN, M.J.) |
| VS. | |
| MADEIRA CITY SCHOOL DISTRICT ET AL., <br> DEFENDANTS | |

## ORDER

This matter is before the Court on Plaintiff's Motion to Review Clerk's Taxation of Costs and Memorandum in Support (Doc. 84) and Defendants' Memorandum in Opposition to Plaintiff's Motion to Review Clerk's Taxation of Costs (Doc. 85). Also of interest to the resolution of this issue is the Clerk's Memorandum on Costs (Doc. 83), Plaintiff's Exceptions and Objections to Defendants' Bill of Costs (Doc. 81) and Defendants' Reply Memorandum in Support of their Bill of Costs (Doc. 82).

The Clerk's Memorandum of Costs (Doc. 83) taxes Defendants' trial costs of $3,206.85 to the nonprevailing party, the Plaintiff. Within the five day period permitted by the Clerk's Memorandum on Costs and the law, Plaintiff filed his Motion to Review Clerk's Taxation of Costs. For the reasons which follow, we find that Defendants' trial costs should be taxed to Plaintiff.

The Clerk's taxation of costs is authorized by 28 U.S.C. § 1920, which allows the clerk to tax certain prescribed litigation expenses. The statute does not require the Clerk to tax costs to the losing party, nor does it require the taxation of costs. Historically, however, costs are taxed to the losing party and the court must exercise discretion both in awarding costs and in deciding what statutorily awardable costs

to award. *Ezelle v. Bauer Corp*, 154 F.R.D. 149 (S.D. Miss. 1994); *John G. v. Board of Education of Mt. Vernon Public Schools*, 891 F. Supp. 122 (S.D.N.Y. 1995).

Plaintiff requests that, pursuant to Fed. R. Civ. P. 54(d), the Court review the Clerk's taxation of costs to Plaintiff and deny Defendants' request for costs. Rule 54(d) provides, in relevant part, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The non-prevailing party has the burden of showing circumstances overcoming the presumption favoring an award of costs under Rule 54(d). *Id.* at 732. The Court should consider several factors in making a determination of whether costs should not be awarded, including whether the taxable expenditures by the prevailing party are "unnecessary or unreasonably large," whether the prevailing party should be penalized for unnecessarily prolonging the trial or for injecting non-meritorious issues into the litigation, whether the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the non-prevailing party, and whether the case is "close and difficult." *Id.* at 730. The Court should not consider the size of a successful litigant's recovery or the prevailing party's ability to pay costs in determining whether to deny costs. *Id.* Finally, while the good faith of a non-prevailing party in filing and prosecuting an action is a relevant factor, in the absence of other relevant factors, good faith alone is an insufficient basis for denying costs. *Id.*

In the present case, Defendants are the prevailing parties having obtained a jury verdict in their favor against Plaintiff. Defendants seek costs of $3,206.85 associated with the copies of deposition transcripts for Christopher Mate, Michelle Hummell, Paul Imhoff, Kay Fluharty, Richard Schneider, Martin Strifler, and Elizabeth Vaccari; mileage fees for witness Clare Stork from Columbus, Ohio; and deposition subpoena service fees and mileage for service of same upon Cindy Cadet. (Doc. 80, Exhs. 1, 2). Title 28 U.S.C. § 1920 specifically provides that "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" and "[f]ees for exemplification and copies of papers necessarily obtained for use in the case" are costs that may be assessed against the non-prevailing party. 28 U.S.C. § 1920(2) and (4). *See Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). *See also Baker v. First Tenn. Bank National Assoc.*, 142 F.3d 431 (6th Cir. 1998)(unpublished), 1998 W.L. 136560. The necessity of taking depositions is to be

2

determined at the time the depositions were taken, and "the fact that a deposition is not actually used at trial is not controlling." *Sales*, 873 F.2d at 120.

Here, all the depositions which Defendants have submitted for payment were used at the trial of this matter, and are, therefore, clearly appropriate for taxation against Plaintiff. Plaintiff does not contend that some or all of the depositions were not necessarily obtained. The only objection Plaintiff raises in opposition to the request for costs is lack of financial resources and Defendants' failure to obtain prior approval by the Court.[1] The Court's Guidelines for Attorney's Taxation of Court costs in the Southern District of Ohio specifically state that:

> It is the policy of this court to tax costs on depositions used and read into the record at a hearing or at trial. This is by means of direct, indirect, impeachment or rebuttal testimony. The expense of producing exhibits to a deposition and notary fees incurred in its taking are taxable costs. It is the policy of this court to tax costs on depositions that were used in successful motions for summary judgments, motions to dismiss, and motions to quash.

(Court's Guidelines for Attorney's Taxation of Court costs in the Southern District of Ohio, p. 7). Because no prior approval was required, and in light of the depositions use at trial, we find that the costs associated with the use of these depositions are taxable costs.

Plaintiff also opposes Defendants' claim for mileage fees for witness Clare Stork from Columbus, Ohio, contending that Columbus is not within the Southern District of Ohio such that the fees should be limited to 100 miles. Obviously, Columbus, Ohio is within the Southern District of Ohio, *see* 28 U.S.C. § 115(b)(2). The Court's Guidelines again state that, the "100 mile rule applies in the Court *except* when travel within the district exceeds a 100 mile radius." (Court's Guidelines for Attorney's Taxation of Court costs in the

---

[1] Plaintiff asserts several objections in his Exceptions and Objections to Defendants' Bill of Costs (Doc. 81) which were not withdrawn but which also were not raised in his Motion to Review Clerk's Taxation of Costs (Doc. 84). Therefore the Court feels compelled to address all Plaintiff's objections herein.

Southern District of Ohio, p. 5). Thus, it is clear that the costs associated with Ms. Stork's attendance as a witness in this matter is a taxable cost.

Lastly, Plaintiff takes issue with the taxation of costs associated with the deposition subpoena service and mileage for service upon Cindy Cadet. Defendants argue that Plaintiff has asserted no reason for his opposition to this claim for costs. While not specifically stating such, the Court gleans from Plaintiff's Objections his position that the costs associated with the service fees for deposition subpoenas are not taxable pursuant to the Court's Guidelines. (*See* Court's Guidelines for Attorney's Taxation of Court costs in the Southern District of Ohio, p. 3). Defendants argue that, as Cindy Cadet was not a party to the within action, a subpoena was required to compel her attendance at trial. However, the invoice which is attached to Defendants' Bill of Costs as Exhibit 1 does not appear to be a subpoena for Cindy Cadet's attendance at trial. The "invoice date" is listed as March 18, 2002, and the "job date" is listed as March 21, 2002, the date upon which Cindy Cadet was scheduled to be deposed. Moreover, the invoice was marked "paid" on April 25, 2002, nineteen months prior to the trial of this matter. As such, the subpoena service and mileage were clearly not associated with Ms. Cadet's trial attendance and are not taxable as costs. (Id.).

As a final matter, Plaintiff argues in his Motion to Review Clerk's Taxation of Costs that his "good faith" in bringing his claims, as well as his "inability to endure further expense," warrants a denial of Defendants' request for costs. While the Court sympathizes with Plaintiff's current employment situation, we agree with Defendants that the amount at issue is not vast and that arrangements can be made for the manageable payment thereof to ensure that Plaintiff is not impoverished by such. Moreover, we must also look to the interests of those whom the Defendants represent, the taxpayers of the Madeira City School District. While the school district may have directly born the expense of this litigation, ultimately it is the taxpayers who will bear the costs. Their interests must also be considered by the Court.

For the reasons stated above, we do not feel that Plaintiff has made a showing of circumstances sufficient to overcome the presumption favoring an award of costs under Rule 54(d). *White*, 786 F.2d at 732.

4

**IT IS THEREFORE ORDERED THAT**

1) Plaintiff's Motion to Review Clerk's Taxation of Costs and Memorandum in Support (Doc. 84) be DENIED.
2) Defendants' Motion for Bill of Costs (Doc. 80) be **GRANTED** and Defendants are awarded the adjusted amount of $3,166.85[2] in costs.

SO ORDERED.

Date: 1/19/05

Timothy S. Hogan
United States Magistrate Judge

---

[2] The requested amount of $3206.85 less the $40.00 in costs associated with the deposition subpoena service and mileage for service upon Cindy Cadet.

5